### AUER v. COSTA et al.
### No. 7242.

District Court, D. Massachusetts.
April 11, 1938.

Sahagen & Hadge, of Boston, Mass., for plaintiff.

Antonio De J. Cardozo, of Boston, Mass., for defendant.

McLELLAN, District Judge.

This is an action against the Portuguese consul at Boston, in which funds in the First National Bank of Boston have been trusteed. Two motions were marked for a hearing. The first, entitled "Motion to Discharge Attachment," is filed on behalf of the defendant, and alleges that the funds attached by the plaintiff do not belong to the defendant but to the republic of Portugal. The second entitled "Application for the Discharge of the Attachment," is made by the Minister Plenipotentiary of Portugal, and also states that the funds belong to the republic of Portugal.

Massachusetts General Laws (Ter. Ed.) c. 246, § 33, furnishes a method of relief for adverse claimants to funds attached by

trustee process. There it is provided: "If a person claiming, by assignment from the defendant or otherwise, goods, effects or credits in the hands of the supposed trustee enters an appearance, he shall be admitted as a party in order to determine his title to such goods, effects or credits, and may allege and prove any facts which have not been stated or denied by the supposed trustee. Such allegations shall be tried and determined as provided in section seventeen upon depositions or oral testimony as the court orders. If he does not voluntarily enter an appearance, the court may issue an order of notice to him."

While consuls of foreign countries are not entitled to the immunity from suit accorded to ambassadors and ministers by U.S.C., title 22, § 252, 22 U.S.C.A. § 252, and by international law (see United States v. Tarcuanu, D.C.S.D.N.Y., 1935, 10 F.Supp. 445; United States v. Wong Kim Ark, 169 U.S. 649, 18 S.Ct. 456, 42 L.Ed. 890), the property of a foreign government is exempt from seizure or attachment in domestic courts (Oliver American Trading Company v. Mexico, 2 Cir., 5 F.2d 659; Mason v. Intercolonial Railway of Canada, 197 Mass. 349, 83 N.E. 876, 16 L.R.A.,N.S., 276, 125 Am.St.Rep. 371, 14 Ann.Cas. 574). Basing my conclusion on the affidavits on file and oral testimony, including that of the defendant, I find that the attached deposit is made up of money belonging to the republic of Portugal. While the account stands in the defendant's name and he may draw upon it with the consent of his government, the account is not his property. Since the attached deposit belongs to a foreign government, these motions present a proper case for the relief sought.

The defendant also filed' day before yesterday a "Motion to Dismiss," which, by agreement, was heard at the same time as were the other motions. The motion to dismiss reads: "Now comes the defendant * * * and moves that the action be dismissed with costs, the trustee discharged, and the plaintiff enjoined from entering the said action on the grounds set forth in the annexed affidavit." The annexed affidavit discloses, among other things, that the attempted attachment having been made, a written demand was made upon the plaintiff's counsel of record for a copy of the plaintiff's declaration, in accordance with General Laws (Ter. Ed.) c. 231, § 12, and that the plaintiff failed to comply with such demand. This statute provides in substance that in an action where there has been an attachment, a copy of the declaration shall be furnished to the defendant within three days after demand therefor, and, upon failure to do so, "the cause may, upon motion, be dismissed with costs." This statute, as I construe it, permits but does not require the dismissal of the action for failure to furnish a copy of the declaration, and, in view of 'the disposition of the motions to discharge or vacate the attachment, I do not feel called upon to grant the motion to dismiss.

The two motions, one to discharge the attachment and the other to vacate it, are granted, and the motion to dismiss the action is denied.