**STUART v. ST. REGIS PAPER CO. et al.**

**Civ. No. 51–1234.**

United States District Court,
D. Massachusetts.

Jan. 28, 1952.

James F. Egan, Springfield, Mass., for plaintiff.

Clarence R. Brooks and Brooks & Wallace, all of Springfield, Mass., for defendant.

WYZANSKI, District Judge.

The precise issue raised by this case is what constitutes an "initial pleading" within the meaning of the removal statute, 28 U.S.C. § 1446(b). October 23, 1951 plaintiff sued out a writ against defendant "in an action of contract—for commission due for services". Consistently with Mass. General Laws (Ter.Ed.) c. 231, § 12, a copy of the declaration was neither supplied with nor inserted in the writ. Cf. Ferguson and Company, Inc., v. Melillo, 266 Mass. 197, 198, 165 N.E. 18; Auer v. Costa, D.C. Mass., 23 F.Supp. 22. The writ was served on the defendant October 29, 1951 and was made returnable December 3, 1951. On December 3, 1951 the writ accompanied by the declaration was filed in Superior Court, County of Hampden, Commonwealth of Massachusetts. Seventeen days later, on December 20, 1951, defendant filed in this Court its petition for the removal of the action from the Superior Court of Hampden County to the District Court of the United States for the District of Massachusetts. Simultaneously defendant filed a bond for removal.

Plaintiff contends that the writ, especially since it uses the words "contract for commission due for services", constitutes an initial pleading. Defendant asserts that the declaration itself is the initial pleading and that the time within which it may file a petition for removal did not begin to run at least until December 3, 1951 (and perhaps not until a copy of the declaration was actually received by the defendant). See Sleigh, "Removal of Cases to the Federal Court under the revised Federal Code", 34 Mass. Law Quarterly Review, No. 4,

page 6, Oct. 1949. The first paragraph of 28 U.S.C. § 1446(b) reads as follows:

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

 It seems to me clear that the defendant's position is correct. A writ is not a pleading. Cf. Sleigh, supra. Moreover, a writ does not make a sufficient disclosure of the details of an action to enable a defendant to determine whether a removal to the federal court would be advantageous.

The motion to remand this case to the Superior Court of Hampden County is denied.