**Michael CIPRIANO**

v.

**MONARCH LIFE INSURANCE COMPANY.**

**Civ. A. No. 1913.**

United States District Court
D. Rhode Island.

Feb. 6, 1956.

Haig Barsamian, Providence, R. I., for plaintiff.

Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, and Stephen B. Ives, Jr., Providence, R. I., of counsel, for defendant.

DAY, District Judge.

This action was commenced by the plaintiff in the Superior Court of the State of Rhode Island by the issuance of a writ of summons dated September 20, 1955, and returnable to that court on October 20, 1955. The ad damnum of this writ was in the sum of $5,000. Prior to the return day thereof, when the plaintiff's writ and declaration would be filed in the office of the clerk of said

Superior Court in accordance with the practice in said Court, the defendant filed its petition for removal of said action to this Court on the grounds of diversity of citizenship and the existence of a controversy between the parties in an amount in excess of the sum of $3,000, exclusive of interest and costs.

■ The plaintiff has moved to remand this action to the State court on the ground that the amount in controversy is actually less than said sum of $3,000. This motion is supported by an affidavit of the plaintiff to the effect that the maximum amount recoverable by him under the terms of the insurance policy upon which he sues is the sum of $2,700. The defendant, having removed this action to this Court has the burden of establishing its jurisdiction to hear and decide it. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135.

The defendant's petition for removal was filed pursuant to the provisions of Title 28 U.S.C.A. § 1441 et seq. Section 1446 of said Title 28 prescribes the procedure to be followed in actions which are properly removable from a State court under Section 1441. The time within which a petition for the removal of a civil action or proceeding shall be filed is clearly set forth in Section 1446 (b), the language of which is the following:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

■ In support of its action in filing its petition for removal prior to the return day of the plaintiff's writ and the filing of his declaration in the State court the defendant contends that the date of the service of the plaintiff's writ upon it marks the commencement of the twenty-day period during which such a petition must be filed. This contention is without merit and is contrary to the plain intendment of said Section 1446 (b). In my opinion Section 1446(b) clearly provides that a defendant who seeks to remove a civil action or proceeding from a State court shall file his petition for removal within twenty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading in said action or within twenty days after the service of summons upon the defendant *if such initial pleading has then been filed in court* and is not required to be served upon the defendant, whichever period is shorter. The purpose of this provision is manifest. The removability of an action from a State court under the provisions of Title 28 U.S.C.A. § 1441 et seq. is to be determined from the statement of the case as disclosed by the complaint or declaration. St. Paul Mercury Indemnity Co. v. Red Cab Company, 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. This can be determined only after an examination of such complaint or declaration. The service of the summons upon a defendant marks the beginning of the period for removal only if the plaintiff's initial pleading has then been filed in court and is available for examination by the defendant. In the face of the plain language of Section 1446(b) it cannot be successfully contended that the plaintiff's writ was the initial pleading to which reference is

made in Section 1446(b). See Stuart v. St. Regis Paper Co., D.C.Mass.1952, 102 F.Supp. 195.

■■ Since the defendant has seen fit to remove this action before the filing of the plaintiff's declaration in the State court, I am warranted in considering the affidavit filed by the plaintiff in support of his motion to remand. Cf. Welch v. Cincinnati, N. O. & T. P. Ry. Co., C.C. E.D.Tenn., 177 F. 760. This affidavit is uncontradicted. Presumably, the defendant would have filed a counter-affidavit if the statements therein are inaccurate or untrue. In the absence of any showing that the plaintiff's affidavit is false I must and do conclude that the controversy between the parties hereto involves less than the sum of $3,000, exclusive of interest and costs, and that this action was removed improvidently and without jurisdiction.

The defendant has cited many authorities, including St. Paul Mercury Indemnity Co. v. Red Cab Company, ante, which hold that events occurring subsequent to removal, whether beyond the plaintiff's control or the result of his actions, do not oust the jurisdiction of a District Court once it has attached. I am fully aware that the decisions of these cases represent the well settled law. However, in my opinion those cases have no application here. This is not a situation where a plaintiff has stated a claim in his complaint or declaration in a State court action in excess of the sum of $3,000 and subsequently, after removal to this Court, has attempted to reduce his claim in order to oust this Court's jurisdiction. In this case at the time of removal no declaration had been served upon the defendant or filed in the State court wherein it appeared that the plaintiff's claim involved more than the sum of $3,000, exclusive of interest and costs.

In conclusion, I am of the opinion that this action was removed improvidently and without jurisdiction and that the plaintiff's motion to remand should be granted. The motion to remand is granted.