H. B. ARDISON and Johnnie Wilson,
Appellants,

v.

Usbaldo O. VILLA, Appellee.

No. 5611.

United States Court of Appeals
Tenth Circuit.

Sept. 25, 1957.

Kenneth N. Kripke, Denver, Colo. (Robert E. McLean, Denver, Colo., on the brief), for appellants.

William K. Ris, Denver, Colo., for appellees.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

MURRAH, Circuit Judge.

The defendant-appellee removed this action from the Colorado District Court to the Federal District Court of that State for diversity of citizenship and requisite amount in controversy. The plaintiff-appellants moved to remand for untimely filing of the petition for removal. The motion was denied, and the trial of the case on its merits went against the plaintiffs, whereupon they renewed their motion to remand for the same reason. The trial court overruled it and the appellants have appealed, assigning only the refusal of the court to remand. If the time in which to remove the proceedings commenced to run on October 7, 1955, when the state court summons was served, the petition for removal came too late. If, however, as the trial court held, the time commenced on the date of receipt of the complaint by the defendant on October 17, 1957, the removal was timely and the judgment should be affirmed.

Title 28 U.S.C. § 1446(b), as amended May 24, 1949, 63 Stat. 101, provides that a petition for removal of a civil action "shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon

the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." If the summons which was served on October 7, 1955, can be said to be an "initial pleading setting forth the claim for relief upon which such action or proceeding is based", the time for removal commenced to run on that date.

Rule 3(a) of the Colorado Rules of Civil Procedure provides that "A civil action is commenced (1) by filing a complaint with the court, or (2) by the service of a summons. The complaint must be filed within 10 days after the summons is served, or the action may be dismissed without notice. * * *" Rule 4(c) provides in material part that "* * * If the summons be served without a copy of the complaint * * * the summons shall briefly state the sum of money or other relief demanded. * * *" And, Rule 7(a) provides: "Pleadings. There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such, an answer to a cross-claim, if the answer contains a cross-claim; * * *. No other pleading shall be allowed, except that the court may order a reply to any answer."

We agree with the trial court that the summons was not an initial pleading within the meaning of the federal removal statute. The manifest purpose of starting the period for removal from the date of the service of the "initial pleading" is to enable the defendant to intelligently ascertain removability from the face of such initial pleading, so that in his petition for removal, he can make a " * * * short and plain statement of the facts which entitle him or them to removal * * *" as required in 28 U.S.C. § 1446(a). This much is made certain by the second paragraph of Subsection 1446(b) providing: "If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through serv-

ice or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This construction of the statute is in harmony with most of the adjudicated cases. See Munsey v. Testworth Laboratories, 6 Cir., 227 F.2d 902; Stuart v. St. Regis Paper Co., D.C., 102 F.Supp. 195; Markantonatos v. Maryland Drydock Co., D.C., 110 F.Supp. 862; Mahony v. Witt Ice and Gas Co., D.C., 131 F.Supp. 564; Cipriano v. Monarch Life Ins. Co., D.C., 138 F. Supp. 50. It is consistent with the 1949 Amendment. See 2 U.S.Code Congressional Service 1949, p. 1268.

The summons here relied upon as an initial pleading informed the defendant that he had been sued by the plaintiffs for damages in the sum of $25,000 as a result of an automobile collision occurring on September 18, 1955. It did not purport to set forth the claim for relief upon which the action or proceedings was based. Indeed, it was merely a writ, not a pleading, which must follow within ten days. See Munsey v. Testworth Laboratories, supra.

In the alternative, appellants invoke the last sentence of Subsection 1446(b): " * * * or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." They say that in any event, the time for removal commenced to run within twenty days from the date on which the summons was served; that in no other way can intended uniformity be achieved. The alternative has application only if the initial pleading is filed at the time of the service of summons, and is not required to be served on the defendant. As we have seen, under Colorado rule, the initial pleading is not required to be filed at the time of the service of summons, but ten days thereafter. Clearly, the latter sentence has no application here.

The judgment is affirmed.