**MILTON A. JACOBS, INC., Plaintiff,**

v.

**MANNING MANUFACTURING CORPORATION, Defendant.**

United States District Court
S. D. New York.

March 9, 1959.

Gutterman & Reichbart, New York City, for plaintiff. James Carroll, New York City, of counsel.

Sydney D. Bierman, New York City. for defendant.

DAWSON, District Judge.

These are two motions relating to the removal of an action in the state court to this court, wherein defendant seeks this court's action in vacating a state court order of publication and in vacating the state court's warrant of attachment.

The material facts appear to be as follows:

This action was started on January 5, 1959 in the Supreme Court of New York County for certain commissions earned and for damages for breach of an alleged contract appointing plaintiff as one of defendant's independent sales representatives. The action was commenced by the issuance of a warrant of attachment against assets of the defendant situated in the State of New York, pursuant to which the Sheriff of the City of New York made certain levies.

In accordance with New York State Law the attachment was issued on an affidavit and no summons or complaint was filed or served upon petitioner at the time of the warrant. On January 14, 1959 the defendant filed the necessary papers seeking the removal of this action to this court and a petition for removal and the necessary bond were filed, and copies were filed with the Clerk of the New York County Supreme Court.

On January 19, 1959 the plaintiff applied to the state court for an order for service of summons by publication in two newspapers. The publication order was entered and pursuant thereto publication was started in two New York City newspapers.

Defendant urges that when it filed its removal petition on January 14, 1959, it effectively removed the action to this court and the state court had no jurisdiction to authorize the subsequent service of the summons by publication, and that the effect of any such publication is void and a nullity. Plaintiff urges, on the other hand, that the removal petition was filed prematurely as there was no initial pleading filed in the state court action, and that this court has no jurisdiction to entertain the matter.

The basic issue which this Court must decide is what constitutes an "initial pleading" within the meaning of the Removal Statute, 28 U.S.C.A. § 1446(b).

The Removal Statute, 28 U.S.C.A. § 1446(b) reads as follows:

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

In considering this motion certain fundamental principles must be kept in mind. Removal is effected entirely by *ex parte* procedure and the Court must therefore clearly concern itself as to whether or not there has been a valid removal. Universal Surety Co. v. Manhattan Fire & Casualty Co., D.C.D.S.D. 1958, 157 F.Supp. 606. The right of removal is purely statutory. Great Northern Railway Co. v. Alexander, 1918, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713. Removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, 61 S.Ct. 868,

85 L.Ed. 1214. All doubts raised by the question of removability should be resolved in favor of state court jurisdiction. Greenshields v. Warren Petroleum Corp., 10 Cir., 1957, 248 F.2d 61, 65; Universal Surety Co. v. Manhattan Fire & Casualty Co., D.C.D.S.D.1958, 157 F. Supp. 606.

■ A careful reading of the Removal Statute, as cited above, indicates that the parties seeking removal can take no action until they have received a copy of the "initial pleading." Richlin Advertising Corp. v. Central Florida Broadcasting Co., D.C.S.D.N.Y.1954, 122 F. Supp. 507. In the instant case plaintiff maintains that at the time of the defendant's removal petition the only document which had been filed or served was a warrant of attachment and the necessary supporting affidavit and undertaking. This, plaintiff says, does not constitute a pleading within the meaning of the Removal Statute.

The New York Civil Practice Act, § 254, states that the first pleading on the part of the plaintiff is the complaint.

■ The concept of a pleading envisages the setting forth of a claim for relief clearly stating the claim upon which the action or proceeding is based. It is insufficient that the document merely inform the defendant that he has been sued by the plaintiffs for a certain sum of money as a result of certain acts. Ardison v. Villa, 10 Cir., 1957, 248 F.2d 226. A clear statement of the case, which will allow the defendant to examine the basis for the action, is necessary to constitute a pleading under the Removal Statute. Cipriano v. Monarch Life Ins. Co., D.C.D.R.I.1956, 138 F. Supp. 50.

It has been held that a summons is not a pleading within the meaning of the statute. Ardison v. Villa, 10 Cir.,

1957, 248 F.2d 226; Cipriano v. Monarch Life Ins. Co., D.C.D.R.I.1956, 138 F. Supp. 50. This is because a summons has been held to be a writ and not a pleading. Munsey v. Testworth Laboratories, Inc., 6 Cir., 1955, 227 F.2d 902.

■ The question which this Court must decide is whether or not a warrant of attachment is a pleading. A warrant is a writ issued by an authorized officer directed to a person requiring him to do a certain act. 3 Bouv. Law Dict., Rawle's Third Revision p. 3426 (1914). A warrant is a writ from a competent authority, in pursuance of law, directing the doing of an act. People v. Wood, 1877, 71 N.Y. 371. Since a warrant of attachment is basically a writ or order of the court, it does not come within the concept of an initial pleading as required by the Removal Statute. This for the reason that a writ is not a pleading. Ardison v. Villa, 10 Cir., 1957, 248 F.2d 226; Munsey v. Testworth Laboratories, Inc., 6 Cir., 1955, 227 F.2d 902; Cipriano v. Monarch Life Ins. Co., D.C.D.R.I. 1956, 138 F.Supp. 50, and Stuart v. St. Regis Paper Co., D.C.D.Mass.1952, 102 F.Supp. 195, 196, wherein Wyzanski, J. stated:

> "A writ is not a pleading. * * Moreover, a writ does not make a sufficient disclosure of the details of an action to enable a defendant to determine whether removal to a federal court would be advantageous."

For these reasons it is the opinion of this Court that a warrant of attachment is not a pleading within the Removal Statute and that the removal to this court was premature. Hence, the federal court acquired no jurisdiction over this matter. The motions are therefore dismissed and the action is remanded to the state court. So ordered.