Joseph Edward CAMPBELL

v.

The ASSOCIATED PRESS.

Civ. A. No. 34024.

United States District Court
E. D. Pennsylvania.

Nov. 4, 1963.

Gordon W. Gerber, Philadelphia, Pa., for plaintiff.

Joseph Head, Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

CLARY, Chief Judge.

This case is presently before the Court for disposition of plaintiff's motion to remand to the Court of Common Pleas of Philadelphia County. Plaintiff advances in support thereof two grounds, viz., that the petition for removal was not timely within the purview of 28 U.S.C.A. § 1446(b) and that diversity of citizenship is lacking within the purview of 28 U.S.C.A. § 1332, alleging that defendant's principal place of business is in the City of Philadelphia, Commonwealth of Pennsylvania. Plaintiff is admittedly a citizen of Pennsylvania and resides in this District.

A brief review of the proceedings had in the State Court is necessary for a determination of whether the defendant's petition was filed within the time limit prescribed by 28 U.S.C.A. § 1446(b). On July 18, 1962, a summons in trespass was filed in the Court of Common Pleas No. 5 of Philadelphia County, which was served on defendant on July 20, 1962. Between July 24, 1962 and August 5, 1962, the plaintiff pursued discovery of the defendant by way of interrogatories. On August 9, 1963, plaintiff filed his complaint in trespass, a copy of it being served on defendant later the same day (Docket Papers Nos. 2 and 5). Defendant filed its petition for removal in this Court on August 15, 1963 (Docket Paper No. 1), a certified copy being filed in the State Court on August 16, 1963 (Docket Paper No. 2).

Title 28 U.S.C.A. § 1446(b), as amended May 24, 1949, 63 Stat. 101, provides that a petition for removal of a civil action "shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (Emphasis supplied).

Plaintiff's contention is that in light of the issuance of a summons, the filing of various discovery papers, and most importantly, the serving of a "draft of a complaint" on defendant as early as February 15, 1963, all of which papers plaintiff refers to as "pleadings", defendant was fully aware of the claim for relief on which the action was based and therefore the petition for removal filed on August 15, 1963 was untimely. The thrust of plaintiff's argument is that receipt by the defendant of the draft of

the complaint started the twenty day period to run in that this was "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based", as contained in 28 U.S.C.A. § 1446(b).

Plaintiff's statement that the summons and discovery papers filed in the State Court were pleadings is not well taken, since the Pennsylvania Rules of Civil Procedure, 1017, 12 P.S.Appendix, lists the pleadings allowed and motions and summonses are not listed.

■ As to the draft of the complaint submitted to defendant on February 15, 1963, it was never filed in the form as submitted, but rather an amended version of it filed on August 9, 1963, and therefore the draft was not a "copy of the initial pleading" as required by 28 U.S.C.A. § 1446(b). In Ardison v. Villa, 248 F.2d 226 at 227 (10 Cir. 1957), the Court, stated:

> "The manifest purpose of starting the period for removal from the date of the service of the 'initial pleading' is to enable the defendant to *intelligently* ascertain removability from the face of such *initial pleading, so* that in his petition for removal, he can make a ' * * * short and plain statement of the facts which entitle him or them to removal * * *' as required in 28 U.S.C. § 1446(a)." (Emphasis supplied)

The paper received by defendant is certainly not one from which it could intelligently ascertain removability since it was subject to later amendment or complete change. In a letter which accompanied the paper in question from plaintiff's counsel to defendant's counsel (Exhibit E, Docket Paper No. 2), it was stated that the proposed draft was forwarded to further settlement discussion and that plaintiff's counsel had "agreed to defer filing the *original complaint* for that purpose." (Emphasis supplied). The "original complaint" referred to never having been filed, it follows that

the copy of it submitted to defendant was not a copy of the initial pleading. The initial pleading, the complaint, having been filed on August 9, 1963, a copy of which was served on defendant later the same day, and plaintiff having filed its petition for removal in this Court on August 15, 1963, such filing was timely within the meaning of 28 U.S.C.A. § 1446 (b).

Plaintiff's second contention is that while admittedly defendant has a principal place of business in New York City, New York, the defendant also has a principal place of business in Philadelphia, Pa., and since plaintiff is a citizen of Pennsylvania, the diversity required by 28 U.S.C.A. § 1332(c) is lacking.

■■ In the light of plaintiff's statement in his motion (Docket Paper No. 2) that he agrees that defendant "has an office and a principal place of business at 50 Rockefeller Plaza, New York City, New York," the words of § 1332(c), as well as the report of the Judiciary Committee of the Senate on 28 U.S.C.A. § 1332(c), 2 U.S.Code Cong. & Admin. News, pp. 3099–3113 (1958), are dispositive of this contention. Section 1332(c) provides that "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of *the State* where it has its principal place of business." (Emphasis supplied). The report of the Judiciary Committee of the Senate on 28 U.S.C. § 1332(c), supra at page 3102, states the legislation "will eliminate [from federal diversity jurisdiction] those corporations doing a local business with a foreign charter but will not eliminate those corporations which do business over a large number of States, such as the railroads, insurance companies, and other corporations whose businesses are not localized in one particular State. Even such a corporation, however, would be regarded as a citizen *of that one of the States* in which was located its principal place of business." (Emphasis supplied). From the above statement, it is evident that Congress intended a corpo-

ration, for diversity purposes, can have only one principal place of business, and since plaintiff agrees in his motion that defendant has a principal place of business in New York City, New York, (Docket Paper No. 2), his contention that defendant has another principal place of business in Philadelphia, Pennsylvania, must fall.

■ Furthermore, in the defendant's answer to plaintiff's motion to remand, accompanied by the affidavit of the Secretary of the defendant corporation, the following facts, which plaintiff has not attempted to dispute, are set forth:

1. The Associated Press is a membership corporation organized and existing under the laws of the State of New York.

2. Defendant's principal place of business is located in The Associated Press Building, 50 Rockefeller Plaza, New York, New York.

3. The activities and affairs of the defendant throughout the United States and the world are directed solely from the above address where its executive staff is located, where its Board of Directors holds its meetings, and where all of its corporate books and records are maintained.

4. The defendant maintains 110 news bureaus or offices in various cities throughout the United States for the purpose of gathering and distributing news. One of such bureaus is maintained in Philadelphia, the sole function of which is to gather news originating in the Philadelphia area and to distribute news originating throughout the world to its members in the Philadelphia area.

5. The defendant employs approximately 2,282 employees in the United States, of which approximately 733 (approximately 34%) are employed at 50 Rockefeller Plaza, New York, New York. The remainder are employed throughout the United States, of which 41 (approximately 2%) are employed in Philadelphia, under the supervision of a Chief of Bureau.

All of the above facts point to the conclusion that the business activities of the defendant are centered in New York and that its principal place of business is in the State of New York, within the rule of this Circuit as enunciated by Judge Goodrich in Kelly v. United States Steel Corporation, 3 Cir., 284 F.2d 850, 854 (1960).

ORDER

And now, to wit, this 4th day of November, 1963, for the reasons set forth above, it is ordered, adjudged and decreed that the motion of plaintiff to remand be and it is hereby denied.