**PERIMETER LIGHTING, INC.**

v.

**John KARLTON, Individually and as General Partner of Fieldstone Mall Investors, Ltd.**

Civ. No. C78–858A.

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 21, 1978.

Jerry B. Hatcher, Dorsey & Traver, Atlanta, Ga., for plaintiff.

Martin H. Rubin, Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This case arises out of a controversy over an agreement to lease lighting equipment allegedly entered into by plaintiff and a third party and thereafter assumed by defendant John Karlton as general partner in Fieldstone Mall Investors, Limited. Plaintiff contends that defendant, on buying Fieldstone Mall from successors in interest to the original lighting lease agreement, impliedly assumed the obligation to pay but has defaulted on said obligation. Fieldstone Mall Investors, Ltd. is a limited partnership doing business in Rockdale County, Georgia, but is not a registered Georgia

limited partnership or a domiciliary of Georgia for diversity purposes. Defendant John Karlton is the sole general partner in Fieldstone Mall Investors, Ltd. and is a citizen and resident of the state of Florida. Plaintiff is a Georgia corporation and a domiciliary of Georgia for diversity purposes.

Plaintiff initiated action in this case not by filing suit but by presenting a motion for a preliminary injunction to Judge Hendon of the Rockdale County Superior Court.

On consideration, Judge Hendon signed an order enjoining defendant Karlton from denying plaintiff access to the leased lighting fixtures. At the time Judge Hendon signed the order, the complaint had not been filed with the clerk of the Rockdale County Superior Court. However, at the hearing on the preliminary injunction, both Judge Hendon and counsel for defendant were provided with a copy of a complaint in the case. The style of the case as shown on plaintiff's motion for the injunction and on the unfiled complaint read:

|  |  |
|---|---|
| PERIMETER LIGHTING, INC.<br>  Plaintiff | )<br>)<br>) |
| v. | )     CIVIL ACTION<br>) |
| JOHN KARLTON, Individually<br>and as a General Partner of<br>FIELDSTONE MALL INVESTORS,<br>LTD.<br>  Defendant | )     No. _____<br>)<br>)<br>)<br>)<br>) |

Judge Hendon's temporary restraining order was signed on May 5, 1978, and was to become effective one week later, on May 12, 1978. Again, at the time of the order, no action had yet been filed in the Rockdale Superior Court. On May 11, 1978, defendant, acting in reliance on the complaint provided him by plaintiff at the hearing, filed a petition for removal pursuant to the provisions of 28 U.S.C. § 1446. That same day counsel for both parties appeared before this court at a hearing on defendant's motion to stay the state court proceedings pending a determination of jurisdiction. At that hearing counsel for plaintiff presented defendant's counsel with a copy of a complaint which was filed that day in the Rockdale Superior Court. The style of the case as filed differed from the complaint provided to Judge Hendon and defendant's counsel at the preliminary injunction hearing. This second complaint, actually filed six days after court action was taken in the case, included three parties not named in the first complaint. All three of the added parties are natural persons and domiciliaries of Georgia. As a result, complete diversity is present in the original complaint, and

federal diversity jurisdiction would lie. Complete diversity is not present in the complaint as filed, and, consequently, federal removal jurisdiction under 28 U.S.C. § 1446 would not be present. The issue, then, concerns which complaint the court must rely on in determining diversity.

28 U.S.C. § 1446 states in part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceedings shall be filed within thirty days after the receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons

upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

■■ Section (b) states that a case may be removed after the defendant receives the "initial pleading" of the plaintiff "through service or otherwise." By its own terms, then, the statute does not require an action to be filed before a petition for removal will be entertained. All that is required is receipt of the "initial pleading." [1] An initial pleading must constitute a clear statement of the case which will allow the defendant to examine the basis for the action. In particular, the initial pleading must be such that the defendant can intelligently ascertain removability from its face. *See Ardison v. Villa*, 248 F.2d 226 (10th Cir. 1957); *Minkoff v. Budget Dress Corp.*, 180 F.Supp. 818 (S.D.N.Y.1960); *Milton A. Jacobs, Inc. v. Manning Mfg. Corp.*, 171 F.Supp. 393 (S.D.N.Y.1959). Certainly the first complaint received by defendant provides such a statement and may be the initial pleading.[2]

■■ *Campbell v. Associated Press*, 223 F.Supp. 151 (E.D.Pa.1963), presents a case somewhat analogous to the case *sub judice*. There, plaintiffs contended, *inter alia*, that the time period in which removal is allowed begins to run from the date of receipt of any copy of the pleadings. In *Campbell* a draft complaint was submitted to the de-

fendant, purely as a matter of courtesy, more than five months before the action was actually commenced by filing suit. The court held that since the copy of a draft complaint sent to defendant was never held out by plaintiff as being the one which would be filed, it could not be an initial pleading under section 1446(b). In the present case, however, there is more than merely an act of courtesy. Here, the plaintiff had filed a motion before the court and was seeking judicial intervention. As a result, the court did invoke its power over the defendant by granting a temporary restraining order. It is first the intervention of a court that is required before a civil action may be removed. *Lummus Co. v. Commonwealth Oil Refining Co.*, 195 F.Supp. 47 (S.D.N.Y.1961). It is not necessary, as plaintiff contends, that the complaint actually be filed with the court prior to removal. In *Hornung v. Master Tank & Welding Co.*, 151 F.Supp. 169 (D.N.D.1957), the plaintiff initiated the action by service of a summons and complaint on defendant. Defendant sought to remove the action but was informed that the action had not yet been filed in the state court. Nevertheless, the court denied plaintiff's motion to remand. The issue addressed by the court was whether the failure, through no fault of defendant, to open a state court file on a duly commenced action made removal premature. The court held that it was service of process under the nonresident motorist statute which gave rise to removability, not the actual filing of the suit. In the present case, the plaintiff sought and received an order of the court, presumably based on the complaint provided defendant. Consequently, even though the complaint had not yet been filed with the clerk of the state court, it was pending and, therefore, removable.

1. It is actual *or* constructive receipt by the defendant of the initial pleading which is required. Here, defendant admits receipt through its attorney, and since there is no contradiction, the court assumes that receipt at the preliminary injunction hearing constituted constructive receipt by the defendant. *See French v. Banco Nacional De Cuba*, 192 F.Supp. 579 (S.D.N.Y.1961).

2. A complaint will certainly suffice as an initial pleading, but other items have been held to constitute an initial pleading. *Lummus Co. v. Commonwealth Oil Refining Co.*, 195 F.Supp. 47 (S.D.N.Y.1961) (notice of motion to compel arbitration accompanied by petition to compel filed with secretary of state).

■ Several early cases predicated removability on proper service of process under state law. *Merz v. Dixon*, 95 F.Supp. 193 (D.Kan.1951); *Alexander v. Peter Holding Co.*, 94 F.Supp. 299 (E.D.N.Y.1950). However, these cases seemingly ignore the legislative intent to avoid the peculiarities of state practice and provide one rule for uniform application in the federal courts. *See* 1A *Moore's Federal Practice* ¶ 0.168[3.–5], at 467 (2d ed. 1974). Fortunately, it is now settled that service of process under state law does not control for removal purposes. The fact that service under state practice has not been perfected does not in and of itself prevent removal. It is "receipt" of the "initial pleading" pursuant to section 1446 which controls removability, whether or not state procedures are properly followed. *See generally International Equity Corp. v. Pepper & Tanner, Inc.*, 323 F.Supp. 1107 (E.D.Pa.1971); *Kurtz v. Harris*, 245 F.Supp. 752 (S.D.Tex.1965); *Benson v. Bradley*, 223 F.Supp. 669 (D.Minn.1963); *Barr v. Hunter*, 209 F.Supp. 476 (W.D.Mo. 1962); *Potter v. Kahn*, 108 F.Supp. 593 (S.D.N.Y.1952).

■ In sum, the defendant was enjoined from certain acts by a state court pending resolution of a dispute. The plaintiff at the hearing provided defendant with a copy of the complaint on which the court's order was based. Defendant understandably sought immediate relief by filing a petition for removal to this court. Defendant, however, found that no suit was filed with the clerk. In effect, then, the state court had taken action on a case not yet of record. To deny defendant's right to remove in such a situation would allow plaintiff to effectively block defendant's right to remove until such time as plaintiff sees fit to file the complaint. Such a holding would work to defeat the removal statute's purpose and allow a plaintiff to keep an action, otherwise removable, in the state court even after the state court had exercised its power by enjoining the defendant.[3] Here there has been an initial pleading, received by the defendant at a court proceeding at which the court's power was exercised over defendant. Certainly that is all which section 1446(b) requires to give rise to a right of removal.

■ Plaintiff's belated filing of a different complaint with the clerk of the superior court does not affect this court's jurisdiction, even though the action as stated in the second complaint might not be removable. The removability of an action under section 1446 is determined as of the time the removal petition is filed *and* as of the time of the commencement of the state action. *Marquette National Bank v. First National Bank of Omaha*, 422 F.Supp. 1346 (D.Minn.1976); *see* 1A *Moore's Federal Practice* ¶ 0.157[12], at 155 (2d ed. 1974). Here the action was effectively commenced when plaintiff sought and received a temporary restraining order. The removal petition was filed in reliance on the complaint utilized at that proceeding. The subsequent petition is therefore without effect in determining removability.[4] However, even if the second complaint was treated as an amended complaint, remand would not be proper. In *Alexander v. Lancaster*, 330 F.Supp. 341 (W.D.La.1971), the plaintiff sought by amendment to add a party after the removal petition was filed. The additional party's presence as a defendant would have defeated jurisdiction. The court, in disregarding the amendment, stated at page 343:

> It is clear, however, that the right of removal is determined by the posture of the case at the time the petition for removal was filed. Wright summarizes: "The plaintiff cannot, however, take ac-

---

**3.** It should be noted that under the procedures utilized by this court a temporary restraining order will not be entertained until the suit is filed with the clerk. Consequently, situations such as the present one are not likely to occur.

**4.** This court expresses no opinion as to the validity under state procedure of the second complaint which was actually filed in the Superior Court of Rockdale County or as to the ethical considerations presented by the actions of counsel for the plaintiff in bringing this action before the state court without immediately filing an action.

tion to defeat federal jurisdiction and force remand after the case has been properly removed." Wright, Federal Courts (2d ed. 1970), § 38 at p. 134. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); 1 Barron and Holtzolf, Federal Practice and Procedure, § 102. No attempt having been made to join Times as a party defendant until the removal petition had been filed, its presence in the case (if jurisdiction over it is found) is wholly irrelevant to petitioner's motion to remand.

For the above reasons, the complaint provided defendant at the hearing of May 5, 1978, is the initial complaint for the purposes of 28 U.S.C. § 1446(b). The complaint filed by the plaintiff in the state court after the filing of the removal petition is not relevant to this court's determination. Since it is uncontradicted that the defendant in the initial pleading is domiciled in Florida and that the sole plaintiff is domiciled in Georgia, complete diversity exists. Jurisdiction, then, is properly founded in this court under 28 U.S.C. § 1331. Accordingly, plaintiff's motion to remand the case for lack of federal jurisdiction is hereby denied.

IT IS SO ORDERED this 21st day of August, 1978.