KIDDIE RIDES USA, INC., Plaintiff,

v.

ELEKTRO–MOBILTECHNIK GMBH, Defendant,

and

Grand Trunk Western Railroad Company, Garnishee.

No. 83–4109.

United States District Court,
C.D. Illinois,
Rock Island Division.

Feb. 10, 1984.

Stuart R. Lefstein, Rock Island, Ill., for plaintiff.

Mark S. Zolno, Chicago, Ill., John Konecky, Rock Island, Ill., for defendant.

## ORDER

MIHM, District Judge.

This is a breach of contract action between Plaintiff, an Iowa corporation in the business of selling amusement rides and their accessories, and Defendant, Elektro-Mobiltechnik (EMT), a foreign corporation with its principal place of business in West Germany. The Plaintiff and Defendant EMT entered into two contracts which provided that Plaintiff would purchase Kiddie Rides' products from EMT for resale in the United States. Plaintiff alleges that it performed all conditions of the contract but the Defendant breached the contract in several respects. Plaintiff seeks judgment in the amount of $85,000.

The complaint was originally filed on November 9, 1983 in the Circuit Court of Rock Island County and was removed to Federal Court on December 8, 1983 by the Defendant EMT. The Plaintiff has moved to remand the case to state court based on three arguments:

1. That the Petition for Removal was not timely filed.

2. That the Defendant waived its right to removal by participating in the state court proceedings.

3. That the Petition for Removal is defective because all Defendants did not join in the Petition.

A hearing on the Plaintiff's motion to remand was held on February 2, 1983.

## TIMELINESS

For its first argument, the Plaintiff contends that while the petition for removal was filed within 30 days of the time the complaint was filed, the complaint was not the "initial pleading setting forth the claim for relief upon which such action or proceeding is based" 28 U.S.C. § 1446(b). Section 1446(b) provides:

"The petition for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The Plaintiff claims that the "initial pleading" was not the complaint but the affidavit for attachment filed on October 12, 1983. The affidavit for attachment indicated that Robert H. Versman, as president of Kiddie Rides, Inc. had an $85,000 claim against EMT, a West German corporation, for breach of contract. Further, Mr. Versman stated that EMT would have property consisting of a container with Kiddie Ride items in it valued at approximately $52,665 and that the Defendant, Grand Trunk Western Railroad Company, would have actual physical custody of the container.

Based on this affidavit, an order of attachment was issued on October 12, 1983 directing the sheriff of Cook County to attach the container of Kiddie Rides in the possession of Defendant Grand Trunk. In addition, the Defendants were summoned to appear in the Circuit Court of Rock Island County on November 4, 1983.

On November 4, 1983, the Defendant EMT made a special appearance and filed a "Motion to Vacate Order of Attachment". The chronology of events then proceeds as follows: the Plaintiff filed the complaint herein on November 9, 1983; the State Court denied the "Motion to Vacate Order of Attachment" on November 10, 1983; the Defendant EMT removed the case to Federal Court on December 8, 1983; and the Defendant filed a notice of appeal in state court of the denial of its "Motion to Vacate Order of Attachment" on December 9, 1983.

With this background, the Court must consider whether the affidavit of attachment should be considered the initial pleading in this case or whether the initial plead-

ing was in fact the complaint filed on November 9.

In their discussion of the "time for seeking removal", Wright, Miller and Cooper state:

> "The fundamental principle of the statute is that the time limitation on seeking removal begins to run when defendant receives notice of the action, not when the action is commenced." Wright, Miller, and Cooper, Federal Practice and Procedure: Civil, § 3732.

Thus:

> "By its own terms, then, the statute does not require an action to be filed before a petition for removal will be entertained.
>
> \*    \*    \*    \*    \*    \*
>
> It is the 'receipt' of the 'initial pleading' pursuant to section 1446 which controls removability." *Perimeter Lighting, Inc. v. Karlton,* 456 F.Supp. 355, 358–359 (N.D.Ga.1978).

In the *Karlton* case, the defendant filed a petition for removal after a temporary restraining order had been entered against him even though no complaint had been filed with the clerk of the state court. At the hearing on the temporary restraining order, the plaintiff had delivered to the defendant and the presiding judge a copy of a complaint but one week later filed a complaint which differed from that which he had delivered at the TRO hearing. While the complaint delivered at the TRO hearing presented complete diversity and, therefore, would have permitted removal, the complaint as actually filed included other parties and complete diversity was not present and removal would have been improper. The Court held that an "initial pleading" as used in the statute:

> "... must constitute a clear statement of the case which will allow the defendant to examine the basis for the action. In particular, the initial pleading must be such that the defendant can intelligently ascertain removability from its face." *Karlton,* 456 F.Supp. at 358 (citations omitted).

The Court, under the facts presented, concluded:

> "In effect, then, the state court had taken action on a case not yet of record. To deny defendant's right to remove in such a situation would allow plaintiff to effectively block defendant's right to remove until such time as plaintiff sees fit to file the complaint. Such a holding would work to defeat the removal statute's purpose and allow a plaintiff to keep an action, otherwise removable, in the state court even after the state court had exercised its power by enjoining the defendant. Here there has been an initial pleading, received by the defendant at a court proceeding at which the court's power was exercised over defendant. Certainly that is all which section 1446(b) requires to give rise to a right of removal." *Karlton,* 456 F.Supp. at 359.

In *Williams v. Beyer,* 455 F.Supp. 482 (D.C.N.H.1978), a dispute arose between the parties regarding the terms of a contract. The contract provided that any disputes were to be resolved through the use of arbitration and, therefore, the plaintiff filed a petition for appointment of arbitrator in the county court of New Hampshire. The petition set forth the diverse residency of the parties and indicated that the amount in controversy was $15,000. The defendant filed an answer and a cross-petition. The court ordered the parties to proceed to arbitration and the arbitrator eventually entered an award in favor of the plaintiff. Several months later the plaintiff filed an application for confirmation of the award in the county court and the defendant attempted to remove the action and filed a motion to vacate the arbitration award. The court held that the time period with respect to the removability of the action began when the court entered its order directing the parties to proceed to arbitration because "at that point in time, the defendant knew full well that there was a dispute between diverse parties and that the plaintiff was then claiming the sum of $15,000 in damages". *Williams,* 455 F.Supp. at 484.

Accordingly, the time period for seeking removal begins to run when the Defendant receives a pleading from which he can

clearly ascertain that the action is removable.

In our case, the Defendant or his agent had, prior to November 8 (30 days prior to the petition for removal being filed), been served with the affidavit of attachment which provided the Defendant with a "clear statement" that the case involved diverse parties and that the requisite amount in controversy was involved. Consequently, the Defendant or his agent was aware of the facts necessary to determine that the action was removable before November 8, 1983.

Defendant EMT, in opposition to the motion to remand, has asserted that under Illinois law the complaint was the initial pleading in this case and, therefore, removal was timely. However, the Illinois statutes dealing with attachment indicate otherwise.

According to § 4–104, the plaintiff must file a statement, which may be embodied in the affidavit, indicating that the "action invoked" by the affidavit does or does not sound in tort. (Ill.Rev.Stat. ch. 110, ¶ 4–104). If the court is satisfied that the affidavit is proper and a prima facie case established, the order of attachment shall be entered.

Following entry and service of the order: "The defendant may answer, denying the facts stated in the affidavit upon which the order of attachment was entered which answer shall be verified by affidavit; and if, upon the trial thereon, the issue shall be found for the plaintiff, the defendant may answer the complaint or file a motion directed thereto as in other cases...." Ill.Rev.Stat. 110, ¶ 4–131.

Thus the statute specifically indicates that the action is "invoked" by the affidavit and provides that the defendant may answer challenging the facts in the affidavit. In fact, the complaint need not even be filed until ten (10) days before the return day of the order or, at the latest, five (5) days after the return day (Ill.Rev.Stat. ch. 110, ¶ 4–130).

Consequently, it is the affidavit of attachment[1] which constitutes the initial pleading in this case, and, when it is received by the defendant, the time period for removal commences.

Defendant in further response to the motion to remand claims that EMT itself did not receive notice of the attachment until November 17. However, at oral argument on this motion, Defendant's attorney admitted that he had received the attachment order and affidavit prior to November 8, 1983. While it is true that service on a *statutory* agent is not sufficient to commence the time period, service on an agent *in fact* is. Wright, Miller and Cooper, Federal Practice and Procedure, Jurisdiction: § 3732. Under the facts of this case, EMT cannot rely on its lack of knowledge to control the time at which the period for removal commenced. It is sufficient for the purposes of § 1446 that EMT's attorneys had knowledge of all the facts necessary to determine removability.

Accordingly, the petition for removal was not filed within 30 days of the initial pleading and the case must be remanded. The Court will also address Plaintiff's other arguments in support of remand.

WAIVER

In certain circumstances, the Defendant will be deemed to have waived his right to removal. To constitute a waiver of the right to removal, there must be a clear and unequivocal waiver on the part of the defendant. *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732 (E.D.Ky.1981); *Beasley v. Union Pac. R. Co.*, 497 F.Supp. 213 (D.C.Neb. 1980). The defendant must seek some affirmative action or relief in the state court, the mere filing of an answer or general defense short of the merits does not constitute a waiver. See *Bedell,* supra; *Beasley,* supra.

---

1. Presumably, a defendant would receive a copy of the order of attachment at the same time as receiving the affidavit. Thus, not only would he be aware of the facts necessary to determine removability at that time, but he would also have been subjected to an exercise of the court's power. See *Karlton,* 456 F.Supp. at 359.

**1480**

■ However, the Defendant may not, after having argued and lost an issue in state court, remove the action to federal court for what is in effect an appeal of the adverse decision. *O.G. Orr & Co. v. Fireman's Fund Ins. Co.*, 36 F.2d 378 (S.D.N.Y.1929); *In Re 73rd Precinct Station House, Borough of Brooklyn*, 329 F.Supp. 1175 (E.D.N.Y.1971).

All things being equal, the Court would probably deny remand based solely on the waiver grounds. However, the background of this case indicates that Plaintiff may simply be seeking review of the adverse state decision. After the order of attachment was entered, Defendant entered a special appearance and moved to vacate the order of attachment. It was not until that motion had been denied that Defendant sought removal.

■ The actions taken by the Defendant combined with the untimeliness of the removal, are sufficient to constitute a waiver on the part of the Defendant.

JOINDER OF ALL DEFENDANTS

■ Plaintiff's final argument in support of remand is that all of the named Defendants failed to join in the petition for removal. While it is well settled that all of the Defendants must join in a petition for removal, *Gableman v. Peoria*, 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900), named defendants who are merely nominal or formal may be disregarded and need not join in the petition. *Ryan v. State Board of Elections of the State of Illinois*, 661 F.2d 1130, 1134 (7th Cir.1981); Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction § 3731.

■ The Court finds that the Defendant Grand Trunk, as garnishee, is merely a nominal party and its absence from the petition for removal does not require remand. *Farmer's Bank v. Hayes, et al.*, 58 F.2d 34 (6th Cir.1932). Grand Trunk has no real interest in this litigation, it merely being the party who happened to have possession of the container at the time the order was issued.

Accordingly, IT IS ORDERED that the Plaintiff's Motion to Remand is GRANTED and the case is REMANDED back to the Circuit Court of Rock Island County.