**ACCURATE TRANSMISSION SERVICE, INC., Assignor,**

**v.**

**UNITED STATES of America, Claimant.**

No. 04–C–731.

United States District Court,
E.D. Wisconsin.

Nov. 15, 2004.

Albert Solochek, Howard Solochek & Weber, Milwaukee, WI, for Plaintiff.

Laquita J. Taylor–Phillips, United States Department of Justice, Tax Division, Washington, DC, Lisa T. Warwick, United States Department of Justice, Office of the U.S. Attorney, Milwaukee, WI, for Claimant.

### ORDER RE: RECEIVER'S MOTION TO REMAND

CALLAHAN, United States Magistrate Judge.

### I. PROCEDURAL BACKGROUND

On May 7, 2004, pursuant to Chapter 128 of the Wisconsin Statutes, Accurate Trans-

mission Service, Inc. ("Accurate") filed a Voluntary Assignment for the benefit of creditors in the Milwaukee County Circuit Court. On May 12, 2004, the Milwaukee County Circuit Court issued an order appointing a receiver over Accurate's assets, enjoining creditors from proceeding against the assignor, and for the filing of claims. The circuit court appointed John L. Levihn as the receiver. (Receiver's Mot. to Remand at 1.) John L. Levihn is the majority shareholder of Accurate.

According to the receiver, on June 1, 2004, a Notice of Receivership, Bar Date for Filing of Claims and Injunction ("Notice of Receivership"), along with a proof of claim form were served, via fist class mail upon all creditors of Accurate. (Receiver's Mot. to Remand at 3.) The United States of America ("the United States" or "the government") is a creditor of Accurate's and claims that because Accurate failed to pay certain tax liabilities, "federal tax liens arose and attached to all property and rights to property belonging to Accurate as of December 28, 1998." (Notice of Removal at 2.) On June 30, 2004, the receiver filed a motion seeking the circuit court's approval to sell the assets of Accurate "free and clear of all liens, claims and encumbrances, with any liens, claims and encumbrances attaching to the proceeds of sale." (Receiver's Mot. to Sell at [unpaginated] 2.) According to the United States, the Internal Revenue Service ("IRS") received the copy of the receiver's motion on or about June 30, 2004. However, neither the Attorney General of the United States nor the United States Attorney for the Eastern District of Wisconsin were served with a copy of the motion.

On July 29, 2004, the United States filed a Notice of Removal of the action pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds that this court has jurisdiction over receivership actions involving federal tax liens pursuant to 26 U.S.C. §§ 7402(a) and 7403(d). (Notice of Removal at 2.) On the same day, the United States also filed an "Objection to Receiver's Motion to Sell Assets of Accurate Transmission Service, Inc. and Motion for Appointment of Impartial Receiver." On August 24, 2004, the receiver filed a motion to remand this action to the Milwaukee County Circuit Court.

All parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General L.R. 73.1 (E.D.Wis.). Currently pending before the court is the receiver's motion to remand, which is now fully briefed and ready for resolution. For the reasons which follow, the receiver's motion to remand will be granted.

## II. ANALYSIS

Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [ ] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1446 provides the procedure for removal, and states in subpart (b) that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

Title 28 U.S.C. § 1447(c) permits a party to move for remand "on the basis of any defect other than lack of subject matter jurisdiction." The motion for remand must be made within 30 days after the filing of the notice of removal. *Id.* The removal statute "should be construed narrowly and against removal." *Illinois v. Kerr–McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir.1982) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

The receiver filed a motion to remand pursuant 28 U.S.C. § 1447(c), claiming that removal by the United States was improper. The receiver's argument in support of his contention that removal was improper is twofold. First, the receiver contends that the United States' Notice of Removal was untimely because it was filed more than 30 days after the June 1, 2004 Notice of Receivership. (Receiver's Mot. at 2.) The receiver construes the Notice of Receivership to be the "initial pleading" under § 1446, and claims that the motion to sell assets "is simply a component

of the relief sought by Accurate." (Receiver's Mot. at 3.)

The government, on the other hand, contends that the Notice of Removal was timely filed because the July 29, 2004 motion to sell assets was the "initial pleading" under § 1446. The government argues that the Notice of Receivership was not an initial pleading because it "merely provided information to interested individuals and entities." (Gov't's Resp. at 2.) The motion to sell assets was the initial pleading, the government argues, because "it is the first pleading to set forth a claim for relief, as related to any interest of the United States." (Gov't's Resp. at 3.)

Second, the receiver contends that the United States is not a "defendant" in the action and therefore does not have the ability to remove the action to federal court. (Receiver's Mot. at 3.) The receiver claims that "[t]he statute expressly limits removal to defendants in a case and does not expand the right of removal to interested parties or creditors, as the USA is in the Accurate receivership." (Receiver's Mot. at 3–4.)

In response, the government argues that, because the receiver's motion to sell assets is the first pleading to set forth a claim for relief, it follows that the motion was "that pleading which put [the receiver] in the position of a plaintiff and the United States in the position of a defendant." (Gov't's Resp. at 3.)

## A. Time Limit for Removal

■ Under 28 U.S.C. § 1446, a defendant's notice of removal must be filed within 30 days from receipt, through service or otherwise, of a copy of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." The commencement of the 30–day period thus depends on when the "initial pleading" is received by the defendant. The second paragraph of section 1446(b) further provides that

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is or has become removable ...

28 U.S.C. § 1446(b).

Given the foregoing, the first task for this court to perform is to identify when the United States, through service or otherwise, first received the initial pleading, motion or other paper from which removability of the action or proceeding could be ascertained. Relatedly, it is also necessary for the court to decide whether the Notice of Receivership, Bar Date for Filing Claims and Injunction constituted an "initial pleading" for purposes of the removal statute.

In *Perimeter Lighting, Inc. v. Karlton,* 456 F.Supp. 355 (N.D.Ga.1978) the court held that an "initial pleading" as used in the removal statute:

> must constitute a clear statement of the case which will allow the defendant to examine the basis for the action. In particular, the initial pleading must be such that the defendant can intelligently ascertain removability from its face.

*Karlton,* 456 F.Supp. at 358; *see also Kiddie Rides USA, Inc. v. Elektro–Mobiltechnik GMBH,* 579 F.Supp. 1476, 1478 (C.D.Ill.1984) (citing *Karlton* with approval). Similarly, in *Ardison v. Villa,* 248 F.2d 226 (10th Cir. 1957), the court noted that

> [t]he manifest purpose of starting the period for removal from the date of the service of the "initial pleading" is to enable the defendant to intelligently ascertain removability from the face of such initial pleading, so that in his petition for removal, he can make a ... 'short and plain statement of the facts which entitle him or them to removal . . .' as required in 28 U.S.C. § 1446(a).

*Ardison,* 248 F.2d at 227. In other words, that which constitutes an "initial pleading" under § 1446 is a "document from the face of which a defendant can 'intelligently ascertain removability.'" *Jones Chemicals, Inc. v. Distribution Architects Int'l, Inc.,* 786 F.Supp. 310, 312 (W.D.N.Y.1992) (citing *Ardison,* 248 F.2d at 227).

■ In its Notice of Removal the United States asserts that the state receivership action is removable because "[t]his court has

jurisdiction over receivership actions involving federal tax liens. *See* 26 U.S.C. Sections 7402(a) and 7403(d)." (Notice of Removal at 2.) The United States is correct; this court does have original jurisdiction over such actions. Indeed, the statutory sections upon which the government relied in filing its Notice of Removal read as follows:

**§ 7402  Jurisdiction of district courts.**

**(a) To issue orders, processes, and judgments.** The district courts of the United States at the instance of the United States shall have jurisdiction to make and issue in civil actions, writs and orders of injunction, and of the *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

**§ 7403.  Action to enforce lien or to subject property to payment of tax.**

**(d) Receivership.** In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity.

26 U.S.C. §§ 7402(a), 7403(d).

The parties did not initially provide this court with a copy of the Notice of Receivership, Bar Date for Filing Claims and Injunction. However, having requested and received a copy of the Notice of Receivership from counsel and having now reviewed the Notice of Receivership, I am satisfied that from the face of such document the United States could have intelligently ascertained the removability of this action from state court. Indeed, the government's Notice of Removal as much as acknowledges that to be the case.

To reiterate, in its Notice of Removal the government asserts that this action was removable precisely because the district court has jurisdiction over receivership actions involving federal tax liens. Such being the case, as of the moment the government received "through service or otherwise" a copy of the Notice of Receivership, it could intelligently ascertain the removability of the state receivership action. Simply stated, as of that moment in time the government had all the information it needed in order to decide whether to remove the action to federal court: that John L. Levihn had been appointed receiver over the assets of Accurate and that there was federal tax lien on such assets.

· To be sure, as of the moment the government received the Notice of Receivership it might not have not realized that the receiver would subsequently move to have the state court confirm the sale of Accurate's assets to the receiver's children. That the government was not able to look into the future, however, did not render the action any less identifiably removable as of the time the government received the Notice of Receivership. After all, it was not the receiver's subsequent motion to have the sale confirmed that rendered the state court action removable. Rather, what rendered the state court action removable was the appointment of a receiver of certain property on which the government had a tax lien.

In its brief the government argues that to find the Notice of Receivership to be the "initial pleading" for purposes of the removal statute "would potentially overburden the federal courts in a completely unnecessary and inefficient manner. If such routine notice were to trigger the 30–day period within which to file a notice of removal, an overwhelming amount of receivership actions would be prematurely removed to the federal courts before there was any indication that there was any contested matter." (Gov't's Resp. at 2.) The government indeed may be correct. But if this court is persuaded that the Notice of Receivership in this case constitutes the "initial pleading" for purposes of the removal statute (and it is so persuaded), it follows that the case must be remanded to the state court from whence it was removed if the government failed to file its Notice of Removal in a timely fashion.

The receiver asserts in his motion to remand that on June 1, 2004, the Notice of Receivership along with a Proof of Claim

form were "served, via first class mail upon all creditors of Accurate." (Receiver's Mot. at 3.) Although the government argues that it was not properly served with such document in accordance with Fed.R.Civ.P. 4., the government does not seem to dispute that a copy of the Notice of Receivership was indeed sent to and received by the Internal Revenue Service. That the government may not have been served with a copy of the Notice of Receivership in accordance with Rule 4 does not mean that the 30–day time limit for filing a Notice of Removal did not commence running until it was so served. To the contrary, the 30–day time limit for filing a Notice of Removal commences running upon "receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Thus, if the government received through the mail a copy of the Notice of Receivership more than 30 days prior to filing the Notice of Removal, such Notice of Removal was filed in untimely fashion.

The government has not stated when the Internal Revenue Service first received a copy of the Notice of Receivership. However, given that the Notice of Receivership was mailed to the IRS via first class on June 1, 2004, it is fair to assume that it was received by the IRS well before June 29, 2004, i.e., more than 30 days prior to July 29, 2004. Such being the case, the court finds that the government's Notice of Removal was filed in untimely fashion. This case will therefore be remanded to state court.[1]

**NOW THEREFORE IT IS ORDERED** the receiver's motion to remand be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and hereby is **REMANDED** to the Milwaukee County Circuit Court.

---

1. Given that the court has granted the Receiver's motion to remand on grounds of untimeliness of the Notice of Removal, it is unnecessary to address the Receiver's alternative basis for remand.