Stuart E. STAPLES, d/b/a 5th Avenue Concrete Mobile Service, Plaintiff,

v.

JOSEPH MORTON CO., INC. and Merlon E. Wiggin, Defendants.

No. 77 C 2357.

United States District Court, E. D. New York.

Feb. 9, 1978.

Melvin R. Cannon, Bay Shore, N. Y., for plaintiff.

Tunstead & Schecter, New York City (John R. Maguire, New York City, of counsel), for defendant Joseph Morton Co., Inc.

David G. Trager, U. S. Atty. for E. D. N. Y., Brooklyn, N. Y. (Robert L. Begleiter, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant Merlon E. Wiggin.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

In this action commenced in the Supreme Court of the State of New York, Suffolk County, plaintiff has sued defendant Joseph Morton Co., Inc. ("Morton") for rents due on a lease of various pieces of concrete mixing equipment for use on Plum Island, New York. Defendant Merlon E. Wiggin is Chief of Engineering and Plant Management of the Plum Island Animal Disease Center for the United States Department of Agriculture which administers Plum Island. In a second cause of action, plaintiff accuses Wiggin and Morton of conspiring to convert the equipment by refusing to release it for decontamination and delivery to the mainland.

Defendant Wiggin has removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1). Plaintiff now moves to remand the case to state court.

■ Plaintiff first claims that he is a "victim of subterfuge" in that defendant Wiggin "lured" the case into federal court only to assert various defenses based on sovereign immunity and the Federal Tort Claims Act. The assertion of these defenses does not render this action beyond the removal jurisdiction of this court. As indicated earlier Wiggin's petition for removal was based upon 28 U.S.C. § 1442(a)(1), which provides:

"A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office . . ."

In *Willingham v. Morgan*, 395 U.S. 402, 406–07, 409, 89 S.Ct. 1813, 1816–17, 23 L.Ed.2d 396 (1969), the Supreme Court held that a federal official may remove a state action pending against him and assert defenses based upon sovereign immunity:

"[This section] is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce the law.

\*　　\*　　\*　　\*　　\*　　\*

"[It] was sufficient for [the federal defendant] to have shown that their relationship to [plaintiff] derived solely from their official duties."

Here, there is no doubt but that Wiggin's relation to plaintiff is based upon his duties as an employee of the Department of Agriculture on Plum Island with the responsibility for releasing materials used on the island for return to the mainland. The petition for removal properly invoked the jurisdiction of this court; the defenses asserted in defendant Wiggin's answer do not defeat that jurisdiction.

■ Plaintiff further claims that the petition for removal was untimely since it was filed more than thirty days after Wiggin received notice of the suit. The thirty-day time limit [28 U.S.C. § 1446(b)] is not, however, jurisdictional. It may be waived, or an assertion of untimeliness may be barred by estoppel. *Transport Indemnity Co. v. United States*, 339 F.Supp. 405 (C.D.Cal. 1972), citing *Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y.1968) (Friendly, D.J.).

Defendant Wiggin received notice of this action on October 2, 1977. On October 20, 1977, plaintiff's attorney orally agreed to discontinue the action against Wiggin, the Assistant United States Attorney representing Wiggin having expressed concern about the thirty-day time limit for removal. The Assistant United States Attorney obtained co-defendant Morton's consent to the discontinuance but, on November 21, 1977, learned that plaintiff had decided not to discontinue as against Wiggin for fear of losing the right to obtain discovery from him. Plaintiff's counsel wrote to the Assistant United States Attorney on that date, expressing his awareness of Wiggin's desire to remove the case to federal court and a willingness to "join in any motion [sic]" to remove the case. The petition for removal was filed November 29, 1977.

Plaintiff argues that he is not bound by the agreement set forth in the November 21, 1977 letter since he did not contemplate the assertion of defenses by Wiggin completely to escape liability. It is not necessary to consider whether the November 21, 1977 letter was an effective waiver of the thirty-day time limit since I conclude that plaintiff is estopped from including the period between October 20 and November 21 in calculating the time which elapsed before the removal petition was filed.

During that period, defendant Wiggin did not remove the action to federal court, relying upon plaintiff's agreement to discontinue the action. Plaintiff was at all times aware of Wiggin's desire to remove the case and the Assistant United States Attorney's concern about the thirty-day time limit. Plaintiff, having decided not to proceed with the agreed discontinuance, may not now assert the inaction of defendant Wiggin. Without including the period from October 20 to November 21, 1977, Wiggin made a timely filing of his petition for removal.

The plaintiff's motion is denied. So ordered.