Louis DiMEGLIO, Plaintiff,

v.

ITALIA CROCIERE INTERNAZIONALE, Italian Line Cruises International and "Marconi", Defendants.

No. 80 Civ. 448.

United States District Court,
S. D. New York.

Nov. 18, 1980.

---

Alex A. Bohm, New York City, for plaintiff.

Michael D. Martocci, New York City, for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

On December 5 or 7, 1979 plaintiff served upon defendant, a corporation organized under the laws of Italy, a summons bearing the following notice:

> "Notice: The object of this action is personal injuries sustained by plaintiff on December 27, 1978 on board defendant's steamship MARCONI, as a result of defendant's negligence and unseaworthiness of its ship under the Maritime law. The relief sought is $1,000,000.00."

Subsequently plaintiff served a complaint—said to have been received by defendant on December 24, 1979—which fleshed out the claim alleged in the above—quoted notice, but in no way altered its essential contours. In particular, the complaint said nothing about plaintiff's citizenship. Counsel for defendant claims to have ascertained through telephonic inquiry of plaintiff's counsel on or about January 7, 1980 that plaintiff was a citizen of the United States and a resident of New York. Defendant received no written confirmation of this fact until some months later, when plaintiff answered its interrogatories. On January 23, 1980 defendant filed a petition for removal alleging that this court had original jurisdiction under 28 U.S.C. § 1333 (diversity of citizenship) and that removal was proper under 28 U.S.C. § 1441. Plaintiff moves to remand on the ground that the petition for removal was not timely filed in accordance with the provisions of 28 U.S.C. § 1446(b). We grant that motion.

At the outset, we note that defendant will not lose any substantive rights as a result of our decision. On remand to the New York courts, defendant will be able fully to present its defense on the merits. It is because of this availability of complete relief in the state courts that diversity removal jurisdiction has always been strictly construed. In *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214, quoting *Healy v. Ratta* (1934) 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248, the court observed:

> "The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'"

See also *Perrin v. Walker* (E.D.Ill.1974) 385 F.Supp. 945, 947; *Maybruck v. Haim* (S.D.N.Y.1968) 290 F.Supp. 721, 724.

Time limits for removal are set forth in 28 U.S.C. § 1446(b), which provides:

> "(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons

upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The 30–day period contained in § 1446(b) is mandatory. The court has no power to extend a defendant's time to remove unless the plaintiff, by action amounting to a waiver, loses its right to object to a late filing. *Maybruck, supra,* at 723; *Green v. Zuck* (S.D.N.Y.1955) 133 F.Supp. 436, 437. Here, plaintiff promptly moved to remand and has in no way waived its rights.[1]

Defendant concedes that its petition to remove was not filed until more than thirty days after receipt of the summons and notice. It makes two contentions in opposition to the motion to remand: that the summons and notice served in early December was not a "pleading" within the meaning of § 1446(b); and failing this, that the "case stated" by the summons and notice was not removable. We reject both arguments.

■ Defendant correctly cites cases holding that a summons, even when accompanied by a notice, is not a "pleading" for purposes of the federal removal statute. *Mfrs. & Traders Trust Co. v. Hartford Acc.* (S.D.N.Y.1977) 434 F.Supp. 1053, 1054–55; *Milton A. Jacobs, Inc. v. Manning Manufacturing Corp.* (S.D.N.Y.1959) 171 F.Supp. 393, 395; *Markantonatos v. Maryland Drydock Co.* (S.D.N.Y.1953) 110 F.Supp. 862, 864. These cases, however, predate a 1978 revision of New York's Civil Practice Law and Rules ("CPLR") effective January 1, 1979, which requires that a summons served without a complaint "shall contain or have attached thereto a notice stating the nature of the action and the relief sought." Act of July 24, 1978, ch. 528, 1978 N.Y.Laws 936 (McKinney's) (codified at CPLR 305(b)). In recommending this change to the legislature, the Judicial Conference stated:

"Under the proposed amendment the uncertainty now surrounding default practice under CPLR 305(b) and 3215(c), (e) would be avoided by the mandatory notice provision. *That provision would be in harmony with modern notions of notice pleading.* It would assure the defendant at least basic information concerning the nature of the plaintiff's claim and the relief sought." Judicial Conference Report on the Civil Practice Law and Rules, 1978 N.Y. Laws 1847, 1881 (emphasis supplied).

As the Judicial Conference thus recognized, the new mandate that a summons served without a complaint must contain a notice stating the nature of the action in effect insures that the first paper received by a defendant will meet the standards imposed by and perform the functions of modern notice pleading. Therefore, insofar as the cases cited by defendant rest on the proposition that a defendant is, as a rule, unable intelligently to ascertain removability from the face of a summons, *Mfrs. & Traders Trust Co., supra* at 1055, or that a summons does not clearly state the claim upon which the action or proceeding is based, *Milton A. Jacobs, Inc., supra* at 395, they are no longer apposite.[2] As the facts at bar illustrate, a New York summons will now provide defendants with as much information bearing on removability as will the complaint. We therefore hold that a summons and notice served pursuant to New York CPLR 305(b), as amended, is an initial pleading for purposes of the federal removal statute.

---

1. By agreeing to allow its motion to remand to be held in abeyance while the parties explored settlement, plaintiff did not waive his rights ultimately to press his motion when negotiations proved fruitless.

2. Some of these cases also state other grounds for their holding, but we do not find such grounds persuasive.

The "case stated" by the summons and notice was a civil action for an amount greater than $10,000 between plaintiff, who happened to be a citizen of New York, and defendant, a foreign corporation. It was therefore removable. Although there are decisions holding that the time to remove such a case does not begin to run until the circumstances making it removable are explicitly spelled out, see, e. g., *Fisher v. United Airlines, Inc.* (S.D.N.Y.1963) 218 F.Supp. 223; *Gilardi v. Atchison, Topeka and Santa Fe Railway Co.* (N.D.Ill.1960) 189 F.Supp. 82, this construction is far from universal. Thus, in *Lee v. Volkswagen of America, Inc.* (W.D.Okl.1976) 429 F.Supp. 5, 7, the court held that "removal was untimely inasmuch as the defendants failed to file their petition for removal within the prescribed thirty day period following receipt of the initial pleading notwithstanding the omission of citizenship allegations in said pleading." More recently, after an exhaustive review of the cases on point, the court in *Kaneshiro v. North America Company for Life and Health Insurance* (D.Haw.1980), 496 F.Supp. 452 concluded:

> "Although the decisions . . . are by no means in agreement, there appears to be a line of support for putting on the defendant desiring removal the burden of scrutinizing the plaintiff's initial pleading, even if it is indeterminate on its face, and of removing within 30 days, at least unless the initial pleading provides 'no clue' that the case is actually removable."

In the case at bar the summons and notice contained much more than a "clue." Defendant obviously knew its own citizenship and there was no reason why it could not have ascertained plaintiff's citizenship within a few days of receiving the summons and notice.[3]

To permit defendant to delay filing its removal petition beyond the first 30-day period merely because plaintiff failed affirmatively to allege its citizenship (a fact normally not required in state court complaints) would promote inefficiency in the judicial system, and would be contrary to the premise that the federal removal statute must be strictly construed in order to minimize unwarranted intrusion into the jurisdiction of the state courts. We therefore hold that the case stated by the summons and notice was removable.

We accordingly conclude that defendant's time to remove began to run in early December on receipt of plaintiff's summons and notice; and that the petition for removal filed the following January 23 was untimely. It follows that plaintiff's motion to remand must be granted.

SO ORDERED.

---

3. According to defendant's own account the only investigation necessary to ascertain this fact was a telephone call to plaintiff's counsel.