**UNIVERSAL MOTORS GROUP OF COMPANIES INC., a New York Corporation, Plaintiff,**

**v.**

**Charles K. WILKERSON and Interchange Motors Corporation, a Texas Corporation, Defendants.**

**No. 87 CIV. 5229 (PKL).**

United States District Court, S.D. New York.

Dec. 11, 1987.

---

Turk, Marsh, Kelly & Hoare, New York City, for plaintiff; John Anthony Smith, Joseph P. Giasi, Jr., of counsel.

Blodnick, Pomeranz, Schultz & Abramowitz, P.C., New York City, for defendants; Robert S. Burrick, of counsel.

## OPINION & ORDER

LEISURE, District Judge:

This action, originally filed in New York County Supreme Court, has been removed to this Court by defendants pursuant to 28 U.S.C. § 1446. It is conceded by the parties that there is complete diversity. The sum in controversy is over $10,000. Plaintiff has moved to remand the action; defendants have moved to transfer or stay the action or, in the alternative, to dismiss the complaint. The underlying suit alleges breach of a contract for the importation and distribution of motor vehicles, fraud and misrepresentation in the forming of that contract, and tortious interference with that contract.

Plaintiff initially brought this action by filing a summons and attached notice, pursuant to N.Y.Civ.Prac.R. 305(b). Exhibit A attached to Affidavit of Charles K. Wilkerson, defendant, sworn to July 27, 1987 (hereinafter, "summons and notice"). It is not contested that defendants were served with this summons and notice on June 9, 1987. Affidavit of Robert S. Burrick, Esq., attorney for defendants, sworn to September 1, 1987. Defendants received plaintiff's complaint on July 2, 1987, and on July 22, 1987, defendants filed a petition for removal, pursuant to 28 U.S.C. § 1446, on the basis of diversity jurisdiction.

The federal removal statute requires that petitions for removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based." 28 U.S.C. § 1446(b). If the thirty-day period in the instant case is deemed to have begun with the serving of the summons and notice, defendants did not file for removal in timely fashion and the case must be remanded to state court. 28 U.S.C. § 1447(c). *See Boland v. Bank Sepah–Iran,* 614 F.Supp. 1166, 1169 (S.D. N.Y.1985). On the other hand, if the filing period commenced with defendants' receipt of the complaint, defendants were well within the thirty-day period when they filed on July 22, 1987. The threshold issue to be considered, therefore, is whether, for purposes of applying the federal removal statute, the summons and notice served by plaintiff constituted an "initial pleading."

For the reasons stated below, the Court holds that the summons and notice served by plaintiff on June 9, 1987, was an "initial pleading" for purposes of 28 U.S.C. § 1446(b) and that the case must therefore be remanded to the state court from which it was recently removed. Because the case is being remanded, the Court does not reach defendants' motion to transfer or dismiss the complaint.

## DISCUSSION

 Federal removal jurisdiction is to be strictly construed.

The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should activate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) (quoting *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)). *See also Irving Trust Co. v.*

*Century Export & Import,* 464 F.Supp. 1232, 1236 (S.D.N.Y.1979). Under federal law, a district court must remand a case to state court if, at any point before final judgment, the case is found to have been improvidently removed. 28 U.S.C. § 1447(c).

 The "precise limits" of removal jurisdiction are determined by *federal,* not state, law and procedure. As the Supreme Court has explained:

The removal statute, which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.

*Shamrock Oil,* 313 U.S. at 104, 61 S.Ct. at 870. It is the language of the federal removal statute itself, rather than local law, which thus determines whether the summons and notice served on defendants was an "initial pleading" which triggered the thirty-day period during which defendants were required to file a removal petition.

The Court of Appeals for the Second Circuit has never itself addressed what constitutes an "initial pleading" under section 1446(b) of the removal statute. However, the Tenth Circuit, in *Ardison v. Villa,* 248 F.2d 226 (10th Cir.1957), did directly consider that question.

In *Ardison,* the defendant removed the case from a Colorado state court to the appropriate federal district court on the grounds of diversity. Plaintiff moved to remand on the grounds that defendant had not petitioned for removal within the requisite time (then 20 days)[1] from the service of the summons. As in the case at bar, the question for the *Ardison* court was whether the Colorado summons was an "initial

---

**1.** In 1957, when the Tenth Circuit's *Ardison* decision was rendered, section 1446(b) required a petition for removal to be filed within 20 days of receipt of the "initial pleading." In 1965 section 1446(b) was revised to give defendant 30, rather than 20, days in which to petition for removal.

pleading" within the meaning of 28 U.S.C. § 1446(b).

In denying the plaintiff's motion to remand, *Ardison* declared:

> The manifest purpose of starting the period for removal from the date of the service of the "initital pleading" is to enable the defendant to intelligently ascertain removability from the face of such initial pleading, so that in his petition for removal, he can make a "... short and plain statement of the facts which entitle him or them to removal ..." as required in 28 U.S.C. § 1446(a). This much is made certain by the second paragraph of Subsection 1446(b) providing: "If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This construction of the statute is in harmony with most of the adjudicated cases ... [and] is consistent with the 1949 Amendment.

*Id.* at 227. Because the summons in question had not "set forth the claim for relief upon which the action or proceedings was based", *id.*, the Tenth Circuit found the summons could not be considered an "initial pleading" because it did not, on its face, enable the defendants intelligently to ascertain removability.

◼ The reasoning of the Tenth Circuit in *Ardison* shows that in determining whether a particular document is an "initial pleading" under section 1446(b), a court should look beyond the particular label which a local jurisdiction chooses to give the document and instead focus on whether the content of the document satisfies the conditions of the federal removal statute. This approach, as the Tenth Circuit noted, accords with the goal of the 1949 Amendment to "make [the statute] fit the diverse procedural laws of the various States." H.R.Rep. No. 352, 81st Cong., 1st sess., *reprinted in* 1949 U.S.Code, Cong. & Admin.News, 1248, 1254; *see also* S.Rep. No.

303, 81st Cong., 1st sess., *reprinted in* 1949 U.S.Code, Cong. & Admin.News 1248, 1248. Moreover, the salutary purpose of Congress in establishing a specific time frame for filing a removal petition was to promote efficiency in the judicial system and "minimize unwarranted intrusion into the jurisdiction of the state courts." *Di-Meglio v. Italia Crociere Internazionale,* 502 F.Supp. 316, 319 (S.D.N.Y.1980).

Defendants argue, contrary to the reasoning of *Ardison,* that only a literal reading of "initial pleading" satisfies the Congressional purpose of uniformity. In support of this position, defendants point out that New York State does not include "summons and notice" in its statute which defines pleadings, although it does include "complaint". N.Y.Civ.Prac.L. 3011 (McKinney 1974). Defendants also note that the legislative history of the 1949 Amendment to the federal removal statute specifically singled out New York law as an example of the diverse procedural laws of various states which the 1949 Amendment was intended to make uniform.

> [The pre–1949 statute] has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later. The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 [now 30] days after the defendant has received a copy of the plaintiff's initial pleading.

H.R.Rep. No. 352, 81st Cong., 2d Sess., *reprinted in* 1949 U.S.Code, Cong. & Admin.News, 1248, 1268.

This reading of the legislative history, however, is not conclusive. The method of commencing a case in New York State Court discussed in the 1949 Amendment history was stated in the New York Civil Practice Act, which predated the current Civil Practice Laws and Rules ("CPLR"): "An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served

on him...." 8 Gilbert–Bliss, *The Civil Practice of New York Annotated,* Civil Practice Act § 16 (1939). With the 1962 enactment of the CPLR, however, the method of commencing an action was changed:

If the complaint is not served with the summons, the summons may contain or have attached thereto a notice stating the object of the action and the relief sought, and, in an action for a sum certain or for a sum which can by computation be made certain, the sum of money for which judgment will be taken in case of default.

N.Y.Civ.Prac.R. 305(b) (McKinney, 1972). By a 1979 amendment, the wording was changed slightly, but significantly, to "require" plaintiff to serve a notice as well as a summons. N.Y.Civ.Prac.R. 305(b) (McKinney Supp.1988). The purpose of this change was specifically to avoid the uncertainty then surrounding practice under 305(b) and to bring the provision "in[to] harmony with modern notions of notice pleading ... [by assuring] defendants at least basic information concerning the nature of the plaintiff's claim and the relief sought." *DiMeglio v. Italia Crociere Internazionale,* 502 F.Supp. at 318 (quoting The Judicial Conference Report on the Civil Practice Law and Rules, 1978 N.Y. Laws 1847, 1881). Thus, although the legislative history of the 1949 Amendment on which defendants base their argument is pertinent to showing the purposes Congress had in mind at the time it was passed, that history bears no relevance to the issue under consideration today.

Although the Tenth Circuit's ruling in *Ardison* is not binding on the courts of this Circuit, virtually every district court in this Circuit, since the 1979 change in the wording of CPLR 305(b), has similarly ruled that any document providing sufficient information to enable a defendant intelligently to ascertain removability will be deemed an "initial pleading" under the federal removal statute. The first case after the 1979 revision, *DiMeglio, supra,* specifically noted that the revised wording of 305(b), unlike previous New York statutes, normally requires a summons and notice to contain sufficient information to allow a defendant to ascertain removability:

[T]he new mandate that a summons served without a complaint must contain a notice stating the nature of the action in effect insures that the first paper received by a defendant will meet the standards imposed by and perform the functions of modern notice pleading.... [A] New York summons will now provide defendants with as much information bearing on removability as will the complaint. We therefore hold that a summons and notice served pursuant to New York CPLR 305(b), as amended, is an initial pleading for purposes of the federal removal statute.

*DiMeglio,* 502 F.Supp. at 318 (distinguishing *Manufacturers & Traders Trust Co. v. Hartford Acc.,* 434 F.Supp. 1053 (W.D.N.Y. 1977)).

After *DiMeglio,* all cases but one have clearly held that an initial document, by whatever name, which contains enough information to allow defendant to "intelligently ascertain removability" qualifies as an initial pleading under the federal removal statute. *See, e.g., Worthy v. Schering Corp.,* 607 F.Supp. 653, 656 (E.D.N.Y.1985) (the affirmation in question did not constitute an initial pleading because "... Schering could not have made an intelligent assessment of the removability of this action from the [plaintiff's] affirmation"); *Wellsville v. Atlantic Richfield Co.,* 608 F.Supp. 497, 499 (W.D.N.Y.1985) (because the summons and notice in question informed defendant of plaintiff's residence and informed defendant that damages were well in excess of $10,000, it constituted an initial pleading under section 1446(b)). *See also, Day v. Zimmer Inc.,* 636 F.Supp. 451 (N.D. N.Y.1986); *Fisher v. Bangor Punta Corp.,* Slip Op. No. 85–0497 (S.D.N.Y. March 27, 1987) [Available on WESTLAW, DCT database].

Only one court in this Circuit has held to the contrary. In *E.W. Howell Co. v. Underwriters Laboratories,* 596 F.Supp. 1517 (E.D.N.Y.1984), Judge I. Leo Glasser compared *Manufacturers, supra,* with *DiMeglio, supra,* and concluded that *Manufac-*

 

*turers* "represents the better view." *Howell,* 596 F.Supp. at 1519. However, as noted above, *Manufacturers* was decided under the former wording of CPLR 305(b), before the 1979 Amendment made it *mandatory* to attach a notice to the summons in order to commence a case in New York by summons. Moreover, within a few months of *Howell,* Judge Glasser himself clarified that holding by explaining: "As I recently held in [*Howell*], the period for filing a petition for removal runs only after the defendant receives a document from which it can 'intelligently ascertain removability.'" *Worthy v. Schering Corp.,* 607 F.Supp. 653, 656 (E.D.N.Y.1985).

 In the present case, the summons and notice received by the defendants clearly are "initial pleadings" as defined in section 1446(b) of the federal removal statute. It is true that New York itself does not consider a summons and notice to be a "pleading." N.Y.Civ.Prac.L. § 3011 (McKinney 1974). However, to constitute an "initial pleading" under the *federal* statute, the summons and notice, on their face, need only have allowed the defendants intelligently to ascertain removability. *Ardison,* 248 F.2d at 227. In the instant case, the summons states on its face that plaintiff is a New York corporation and that the "basis of the venue designated is the residence of plaintiff which has its principal office at 31 West 11th Street, City, County and State of New York." The summons further identifies one of defendants as a Texas corporation.[2] The notice attached to the summons clearly states nine claims or causes of action and declares the amount in controversy for each—a total of several million dollars. Thus, the information presented by this summons and notice was more than sufficient to allow defendants to "make a ... 'short and plain statement of the facts which entitle him or them to removal ...' as required in 28 U.S.C. § 1446(a)." *Id.*

**2.** This is not actually required, as defendants can be taken as knowing the state of which they are citizens. *Day v. Zimmer Inc.,* 636 F.Supp. 451, 453 (N.D.N.Y.1986). Thus, it was also not

## CONCLUSION

Because the summons and notice received by defendants on June 9, 1987 did constitute an "initial pleading" for purposes of applying 28 U.S.C. § 1446(b), the Court finds that removal of this action from the Supreme Court of the State of New York was improvident. Pursuant to 28 U.S.C. § 1447(c), plaintiff's motion for remand is therefore granted.

Plaintiff has further moved, pursuant to section 1447(c) and to Fed.R.Civ.P. 11, for payment of its costs by the defendants. However, such costs are normally imposed, at the discretion of the court, only in cases where the removing party has acted in bad faith or has asserted diversity which clearly does not exist. *See, Syms, Inc. v. IBI Sec. Service, Inc.,* 586 F.Supp. 53, 56 (S.D. N.Y.1984). Because, in the Court's opinion, defendant here has not acted in bad faith, plaintiff's second motion for costs is therefore denied.

Because the case is being remanded, the Court does not consider defendants' motions.

SO ORDERED.

necessary for federal removal purposes for plaintiff to state that Charles K. Wilkerson was a citizen of Texas.