**JONES CHEMICALS, INC., Plaintiff,**

v.

**DISTRIBUTION ARCHITECTS INT'L, INC. and Digital Equipment Corporation, Defendants.**

**No. CIV–91–230S.**

United States District Court, W.D. New York.

Feb. 28, 1992.

Joseph Zammit, Fulbright & Jaworski, New York City, for plaintiff.

Robert E. Koplik, Whitman Osterman & Hanna, Robert E. Ganz, Ganz & Wolkenbreit, Albany, for defendants.

## DECISION AND ORDER

SKRETNY, District Judge.

Plaintiff Jones Chemical, Inc. moves to remand this case to New York State Supreme Court, County of Genesee. I heard oral argument on plaintiff's motion on June 19, 1991.

For the reasons set forth below, plaintiff's motion is granted.

## FACTS

On January 16, 1991, plaintiff commenced this action against defendants Distribution Architects International Inc., ("Distribution Architects") and Digital Equipment Corporation ("Digital"), by serving upon each a summons with notice, pursuant to New York Civil Practice Law and Rules ("CPLR") 305(b). (Affidavit of Joseph P. Zammit, Esq., sworn to on April 25, 1991, ("Zammit aff."), Exhibit A).

On February 15, 1991 and February 20, 1991 respectively, Distribution Architects and Digital demanded service of complaints pursuant to CPLR 3012(b). (Zammit aff., Exhibits E & F). On March 7, 1991 defendants each were served with a complaint. (Zammit aff., ¶ 8 & Exhibit G). On April 3, 1991, pursuant to 28 U.S.C. § 1441, Digital removed this action to this Court based on diversity of the parties and Distribution Architects joined in the "Petition for Removal". (Item # 1). There is no dispute that complete diversity exists between the parties. Plaintiff is a New York corporation with its principal place of business in New York. Distribution Architects is an

Arizona corporation with its principal place of business in Arizona. Digital is a Massachusetts corporation with its principal place of business in Massachusetts.

Plaintiff now moves to remand this case to state court because removal was untimely under 28 U.S.C. 1446(b). The motion is granted.

## DISCUSSION

28 U.S.C. 1446 governs the procedure for removal. Subsection (b) states in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based. . . .

(emphasis added).

Plaintiff argues that defendants' notice of removal was untimely because defendants filed it nearly three months after the suit was commenced pursuant to the CPLR by service of the summonses with notice. Defendants argue that removal was timely because they filed their notices of removal within 30 days of receipt of the complaint. Therefore, I must decide whether the summonses with notice served in this case constitute "initial pleadings" within the meaning of 28 U.S.C. 1446(b), thereby triggering the commencement of the 30–day removal period. I find that they do.

■ The CPLR does not classify a summons with notice as a "pleading." CPLR 3011. However, this is not dispositive of the "initial pleading" question. The Supreme Court has recognized that:

> the removal statute, which is nationwide in its operation was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941). Similarly, in *Universal Motors Group of Companies, Inc. v. Wilkerson*, 674 F.Supp. 1108, 1111 (S.D.N.Y.1987), the court stated that:

> in determining whether a particular document is an "initial pleading" under section 1446(b), a court should look beyond the particular label which a local jurisdiction chooses to give the document and instead focus on whether the content of the document satisfies the conditions of federal removal jurisdiction.

Thus, federal law is determinative of the "initial pleading" issue, not New York statutory definitions.

■ The Second Circuit has not addressed precisely what constitutes an "initial pleading" under § 1446. However, district courts in this Circuit have nearly uniformly applied the standard established in *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir.1957), and have ruled that an "initial pleading" is a document from the face of which a defendant can "intelligently ascertain removability." *Sharon v. National Life Ins. Co. of Vermont*, No. 88 CIV. 4120, 1988 WL 87508, at *1 (S.D.N.Y. April 12, 1988); *Fisher v. Bangor Punta Corp.*, No. 85 CIV. 0497–CSH, 1987 WL 8650, at *1 (S.D.N.Y. March 27, 1987); *Wilkerson, supra*, 674 F.Supp. at 1111; *Day v. Zimmer, Inc.*, 636 F.Supp. 451, 453 (N.D.N.Y. 1986); *Worthy v. Schering Corp.*, 607 F.Supp. 653, 656 (E.D.N.Y.1985); *Village of Wellsville v. Atlantic Richfield Co.*, 608 F.Supp. 497, 499 (W.D.N.Y.1985); *E.W. Howell Co., Inc. v. Underwriters Laboratories, Inc.*, 596 F.Supp. 1517, 1520 (E.D.N.Y.1984); *Manufacturers & Traders Trust Co. v. Hartford Accident and Indem. Co.*, 434 F.Supp. 1053, 1055 (W.D.N.Y.1977). These cases have generally construed the "intelligently ascertain removability" standard to be flexible, *Day v. Zimmer, supra*, 636 F.Supp. at 453, necessitating a case by case assessment of each summons with notice to determine whether it gives the defendant ". . . a fair opportunity to determine whether the case was removable." *Village of Wellsville, su-*

*pra,* 608 F.Supp. at 499. *See also Wilkerson, supra,* 674 F.Supp. at 1112.[1] Applying the standard, most courts have held that the summons with notice was an "initial pleading" for purposes of 28 U.S.C. § 1446. Of the district court cases cited above, only *E.W. Howell Co.* and *Manufacturers & Traders Trust Co.* have held to the contrary.[2]

■ However, the cases have not squarely addressed the issue of whether the "intelligently ascertain removability" standard imposes upon a defendant a duty, upon being served with a summons with notice which does not *on its face* contain all the information required to ascertain removability, to investigate removability further and act within 30 days of such service. Judge Curtin of this district recognized this precise issue in *Village of Wellsville, supra,* 608 F.Supp. at 499, but ruled that given the facts of the case before him, it was "... not necessary to determine the propriety of placing the burden on defendant when removability is not clear from the face of the summons with notice." In *Fisher v. Bangor Punta Corp., supra,* the court ruled that the "intelligently ascertain removability" standard required a defendant "... to apply a reasonable amount of intelligence to the information contained in the summons with notice to ascertain whether the action is removable." *Id.,* 1987 WL 8650, at *1. However, again it was unnecessary for the court to consider whether such a requirement carried along with it a duty of investigation because the defendants in that case had "... full knowledge of the two factors not apparent from the Summons with Notice." *Id.,* 1987 WL 8650, at *2. *DiMeglio v. Italia Crociere Internazionale,* 502 F.Supp. 316, 319

(S.D.N.Y.1980), comes the closest to imposing upon a defendant a duty of investigation to ascertain removability. In ruling that the summons with notice was an initial pleading, the court said that defendant knew its own citizenship for diversity purposes and "... there was no reason why the defendants could not have ascertained plaintiff's citizenship within a few days of receiving the summons and notice." However, the court did not define the parameters of any such duty of investigation, other than to note that "... the only investigation necessary to ascertain this fact [plaintiff's citizenship] was a telephone call to plaintiff's counsel." *Id.,* 502 F.Supp. at 319, n. 3.

In a situation like this, where removability is not apparent from the face of a summons with notice, I find that the "intelligently ascertain removability" standard places upon a defendant a duty to investigate removability. Such a duty is supported by the policy of strictly construing removal jurisdiction to prevent encroachment on state court jurisdiction, *Wilkerson, supra,* 674 F.Supp. at 1111; *DiMeglio, supra,* 502 F.Supp. at 319; *Sharon, supra,* 1988 WL 87508, at *1, and is also consistent with the legislative history of 28 U.S.C. § 1446. When Congress amended section 1446 in 1965 to extend the 20 day removal period to 30 days, the Senate Judiciary Committee incorporated into its report a letter from the Deputy Attorney General, which spoke favorably of the amendment because "... [t]he present 20–day [removal] period does not allow sufficient time *for investigation by the defendants....*" S.REP. NO. 712, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S.Code Cong. & Admin. News 3245, 3247 (emphasis add-

---

1. *DiMeglio v. Italia Crociere Internazionale,* 502 F.Supp. 316, 318 (S.D.N.Y.1980), and *E.W. Howell Co., Inc., supra,* 596 F.Supp. at 1519–20, purported to establish bright line rules. *DiMeglio* held that service of a summons with notice will always constitute an "initial pleading" for purposes of removal. *E.W. Howell* went the other way and concluded that Congress intended a complaint, not a summons without a complaint, to serve as the "initial pleading." However, even those courts engaged in some fact specific analysis of the summonses with notice that

were before them. *DiMeglio, supra* at 319; *E.W. Howell Co. Inc., supra* at 1520. At any rate, it is clear that all the other cited cases have not applied a bright line rule, but instead have engaged in case-by-case factual analysis.

2. Of these two cases, the holding in *Manufacturers & Traders Trust Co.* was fact specific; and, to the extent *E.W. Howell Co., Inc.* purported to announce a bright line rule, the cited cases decided subsequent to it have not seized upon that facet of the decision.

ed). Accordingly, I find that a summons with notice need not provide on its face all the specific facts relevant to removal in order to constitute an "initial pleading." Rather, it will be sufficient to trigger the 30 day removal period if it provides sufficient information to enable a defendant to ascertain removability through reasonable investigation.

The summonses with notice served upon each defendant in this case provided them with the following information: (1) plaintiff's LeRoy, New York address; (2) that plaintiff designated venue in Genesee County based on its residence; (3) the name and address of plaintiff's attorneys; (4) the identity of the co-defendant to the suit; (5) that the nature of the action was for breach of contract, negligence, and fraud; and (6) that plaintiff sought $5,000,-000.00 in damages, plus attorneys fees. (Zammit aff., Exhibit A). Although this information left each defendant ignorant as to certain facts about plaintiff and co-defendant which were necessary to ascertain removability, the further investigation defendants would have had to undertake to determine those facts would not have been particularly onerous.

Defendants knew from the face of the summonses with notice that plaintiff had an address in New York and that its residence for venue purposes was Genesee County, New York. Under New York law, a corporation, foreign or domestic, is deemed a resident for venue purposes of the county in which its principal office is located. CPLR 503(c). Knowing that plaintiff had at least some presence in New York, defendants, painlessly and for the cost of a telephone call or letter, could have contacted the New York Secretary of State to inquire whether plaintiff was a New York corporation or whether it had filed an application for authority to do business in New York, which application would have indicated plaintiff's state of incorporation. (See New York Business Corporation Law § 1304).

Even more fundamentally, defendants were provided the identity of plaintiff's attorneys. Either defendant could have contacted them and attempted to ascertain plaintiff's citizenship for purposes of diversity. In fact, according to plaintiff, both defendants did contact plaintiff's attorneys within the removal period, but did not use those occasions to make such an attempt.[3] As such, defendants failed to undertake reasonable investigation to ascertain plaintiff's citizenship for purposes of diversity.

As to the lacking information about defendants, the summonses with notice, on their faces, provided each defendant only with the name of the other defendant. As such, neither defendant could tell by looking at the documents in isolation whether the other defendant's citizenship was completely diverse from plaintiff's. Again, however, both defendants failed to undertake reasonable investigation to determine the facts about each other necessary to ascertain removability.

Both defendants are corporations. Their states of incorporation are matters of public record, and ample resources are available to research a corporation by name for little or no cost to determine its state of incorporation. Further, although defendants point out that determining a corporation's principal place of business for diversity purposes is a more complicated matter (Affidavit of Robert E. Ganz, sworn to on May 31, 1991 ("Ganz aff."), ¶ 14; Digital's memorandum of law, dated May 31, 1991 ("Digital memo"), at 7), either defendant could have used the same resources to de-

---

3. Plaintiff's attorney Joseph P. Zammit represents that in-house counsel for Digital contacted him twice during the 30 day period immediately following service of the summons with notice, (Zammit aff., ¶¶ 4–5), and plaintiff's attorney Linda K. Singer represents that counsel for Distribution Architects contacted her on the thirtieth day following service of the summons with notice. (Affidavit of Linda K. Singer, sworn to on April 25, 1991 ("Singer aff."), ¶ 2). Neither defendant disputes these representations. I recognize, of course, that had counsel for Distribution Architects ascertained removability from his conversation with Ms. Singer on the thirtieth day following service of the summons with notice, he probably could not have timely filed the notice of removal. However, this does not excuse counsel's failure to attempt an earlier contact.

termine its co-defendant's principal place of business to a reasonable degree of certainty.

Moreover, defendants did in fact ascertain removability with no more information than that with which the summonses with notice provided them. On its face, the complaint provided each defendant with the same information regarding the other defendant's citizenship for diversity purposes as did the summonses with notice. Apparently then, defendants somehow pieced together removability within 30 days after service of the complaint with the same information they had before service. This demonstrates that the summonses with notice herein provided defendants with sufficient information to investigate and "intelligently ascertain removability." Therefore, I agree with plaintiff that defendants' claim that they could not "intelligently ascertain removability" until they were served with the complaint is disingenuous. (Plaintiff's memorandum of law, dated April 25, 1991 ("plaintiff memo"), at 7–8).[4]

■ Distribution Architects also argues that plaintiff has waived any objection to the exercise of federal jurisdiction because the contract between plaintiff and Distribution Architects contains the following clause:

> Governing law. When entered into in the United States, this agreement will be governed by the laws of the state of Arizona, and, when entered into in Canada, this agreement will be governed by the laws of the Province of Manitoba; *otherwise, this agreement shall be governed by the applicable laws which provide the greatest protection to the legitimate interest of [Distribution Architects].*

(Affidavit of Mark S. Koplik, sworn to on May 30, 1991 ("Koplik aff."), Exhibit D,

¶ 15(A)) (emphasis added). Distribution Architects seizes upon the emphasized portion of this clause to argue that plaintiff has consented to Distribution Architects' choice of this federal forum. (Koplik aff. ¶ 13).[5] This argument is misplaced for two reasons. First, as plaintiff points out, the clause is a choice of law provision, not a choice of forum provision. (Plaintiff's reply memorandum, dated June 10, 1991, at 6–7). Second, none of the pleadings in this case suggest that any of the contract negotiations took place outside the United States. Therefore, the emphasized portion of the clause is inapplicable by its own terms.

■ Finally, counsel for Distribution Architects argues that plaintiff should be estopped from objecting to the timeliness of removal because plaintiff's counsel allegedly misled him into believing that plaintiff would not object to the timeliness of removal. (Koplik aff., ¶ 5). This claim is based upon the fact that plaintiff and defendants entered into a stipulation to extend defendants time to answer *or otherwise move* with respect to the complaint to April 30, 1991. Distribution Architects argues that plaintiff agreed to this extension when plaintiff's counsel was "well aware" of Distribution Architects' "expressed preference for federal jurisdiction...."

Distribution Architects relies primarily on *Staples v. Joseph Morton Co., Inc.*, 444 F.Supp. 1312 (E.D.N.Y.1978). In that case, plaintiff's counsel had orally agreed, before the 30–day removal period had expired, to discontinue the action against one of the defendants. Plaintiff's counsel entered into this agreement after defendant's counsel expressed concern that the removal period would soon expire. After the removal period had expired, plaintiff's counsel decided not to discontinue the action against the co-defendant, but expressly stated "...

---

**4.** I also note that this lawsuit stems from a business relationship among plaintiff and defendants. This implies some familiarity. While I do not suggest that parties to a business transaction will necessarily know enough about each other to ascertain whether their citizenships are diverse for purposes of federal subject matter jurisdiction, I think it noteworthy that plaintiff

and defendants were not total strangers at the time this lawsuit was commenced.

**5.** Distribution Architects claims that a federal forum will provide the greatest protection to its legitimate interests because it has asserted a counterclaim against plaintiff alleging that plaintiff violated federal copyright laws. (Koplik aff., ¶ 13).

a willingness to 'join in any motion [sic]' to remove the case." *Id.*, 444 F.Supp. at 1313. The court held that plaintiff was estopped from including in his calculation of the 30 day removal period the days during which defendant's counsel believed plaintiff's counsel would honor the agreement to discontinue the action. With those days excluded, removal was timely. *Id.*, 444 F.Supp. at 1314.

I find that the instant case is factually dissimilar from *Staples.* There, plaintiff's counsel agreed to discontinue the action directly in response to defense counsel's concern that the removal period would soon expire. In contrast, plaintiff has alleged here, and defendants have not disputed, that Distribution Architects' counsel specifically requested, on the last day of the removal period, whether plaintiff's counsel would consent to removal. (Singer aff., ¶ 3; Koplik aff., ¶ 7). Plaintiff's counsel stated that she would not. (Singer aff., ¶ 3). Therefore, unlike *Staples*, the parties did not enter into *any* agreement before the 30–day removal period expired, let alone one prompted by defense counsel's concern that expiration of the removal period was at hand. *See also Nicola Products Corp. v. Showart Kitchens, Inc.*, 682 F.Supp. 171, 173 (E.D.N.Y.1988) (removal untimely in part because plaintiff did not explicitly agree that it would not object to removal outside the thirty day limitation).

Furthermore, the court in *Staples* did not find, as Distribution Architects would have me find, that plaintiff was estopped from asserting that removal was untimely; rather, *Staples* held that removal was timely because plaintiff was estopped from counting the days during which defense counsel was led to believe that his client was to be dismissed from the case, essentially tolling the removal period during those days. This makes a difference because the agreement to extend the time to answer or otherwise move was entered into on or about March 29, 1991 (Koplik aff., Exhibit B), well without the 30–day removal period. Thus, plaintiff cannot be estopped from counting toward the removal period the days during which its agreement with defendants was in effect, because the remov-al period had already expired when the parties entered into the agreement.

Accordingly, plaintiff's motion to remand this action to state court is granted.

## CONCLUSION

For the reasons more fully articulated above, the summonses with notice served by upon defendants in this case constituted "initial pleadings" within the meaning of 28 U.S.C. § 1446(b). Accordingly, plaintiff's motion to remand this action to state court for defendants' failure to remove the action within thirty days of receipt of the initial pleading is granted.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to remand this action to New York State Supreme Court, County of Genesee, is granted.

SO ORDERED.