**CITY OF ALBION, a municipal corporation, Plaintiff,**

v.

**GUARANTY NATIONAL INSURANCE COMPANY, Imperial Casualty & Indemnity Company of Omaha, National Union Fire Insurance Company of Pittsburgh, PA, and Protective National Insurance Company of Omaha, Defendants.**

No. 1:98–CV–676.

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 23, 1998.

[redacted]

Mark S. Allard, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Albion, City of, a Michigan municipal corporation, plaintiff.

Deborah Molitz, Orlans Associates P.C., Troy, MI, for Guaranty National Insurance Company, defendant.

Michael J. Watza, Richard M. Mitchell, Kitch, Drutchas, Wagner & Kenney, PC, Detroit, MI, for Imperial Casualty & Indemnity Company of Omaha, defendant.

Charles N. Dewey, Jr., Dilley & Dewey, for National Union Fire Insurance Company of Pittsburgh, P.A., defendant.

## OPINION

QUIST, District Judge.

The Court has before it Plaintiff, City of Albion's (the "City"), motion to remand case to Calhoun County Circuit Court. In the present motion, the Court is called upon to determine whether Defendants filed their notice of removal within the time provided in 28 U.S.C. § 1446(b). For the reasons set forth below, the Court concludes that Defendants' notice of removal was timely and the City's motion should be denied.

### *Facts*

On July 10, 1998, the City filed a complaint in Calhoun County Circuit Court for declaratory relief under certain comprehensive general liability insurance policies (the "Policies") issued by the Defendants, Guaranty National Insurance Company ("Guaranty"), Imperial Casualty & Indemnity Company of Omaha ("Imperial"), National Union Fire Insurance Company of Pittsburgh, PA. ("National Union"), and Protective National Insurance Company of Omaha ("Protective"). In its complaint, the City sought a declaration that Defendants owed a duty to defend and indemnify the City under the Policies in an environmental pollution suit pending in this District before Judge McKeague, captioned *United States v. City of Albion, et al.*, case no. 1:97–CV–1037. Counsel for the City sent copies of the filed complaint, without copies of the exhibits that were attached to and referenced in the original complaint, under cover letter dated July 21, 1998, to Jeffrey K. Ogle ("Ogle"), Vice President of Protective; James B. Adams ("Adams"), Home Office Senior Claims Analyst for Guaranty; Danielle I. Hoder ("Hoder"), Home Office Supervisor—Environmental Claims for National Union; and to the general office of Imperial. (*See* Letters of 7/21/98 from Allard to Ogle, Adams, Hoder, and Imperial, attached as Ex. B to Pl.'s Br.) The cover letter stated:

> As indicated in the case caption, the City has sued four insurance carriers who provided insurance to the City during the key time periods. Since the Michigan Supreme Court has decided the trigger of coverage issue favorably to insureds, it is now incumbent upon the insurance carriers to discuss this matter, and present a joint proposal to the City for the coverage sought in the Complaint. In order to allow for some time to attempt to resolve this matter before incurring additional litigation costs, the Complaint will not be served for thirty days from the date of this letter. This will give each of the carriers the opportunity to confer with each other, and present a joint offer to settle this matter at that time.

(*Id.*)

Protective admits that Ogle received the "courtesy copy" of the complaint on July 28, 1998, and Guaranty admits that Adams received it on July 27, 1998. The City has offered evidence showing that Hoder of National Union and Dale Carson, Senior claims Coordinator for Imperial, received their "courtesy copies" by July 30, 1998. (*See* Kelly Aff. ¶¶ 4, 6, Pl.' s Br.Ex. C.) National

Union and Imperial do not contest receipt of the complaint by that date.

A settlement meeting was held on September 3, 1998, between the City's counsel and Protective and its counsel. At the conclusion of the discussions, the City's counsel formally served the complaint upon Protective by handing Ogle another copy of the complaint. It appears that the City made formal service upon the other Defendants either shortly before or after the September 3, 1998, meeting. On September 22, 1998, Protective filed its notice of removal of the complaint to this Court. Guaranty, National Union, and Imperial filed their joinders in Protective's removal on September 28 and 29, 1998.

### Discussion

■ The City contends that this case must be remanded because Defendants' removal of this case was not timely under 28 U.S.C. § 1446(b), which provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Although not jurisdictional, the thirty-day period for removal is mandatory and must be strictly applied. *See Kerr v. Holland America–Line Westours, Inc.*, 794 F.Supp. 207, 210 (E.D.Mich.1992). The party seeking removal has the burden of showing that removal is proper. *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993). Where there is any doubt that the requirements for removal have been met, the case should be remanded. *See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989).

■ The Court's analysis of the present motion begins with the Sixth Circuit's decision in *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Co.*, 5 F.3d 963 (6th Cir.1993), in which the court adopted the "receipt rule" for determining when the thirty-day period for removal begins to run. *See* 5 F.3d at 968. Under the "receipt rule ... the actual receipt by a defendant of a complaint [i]s sufficient to commence the thirty-day service period, irrespective of the technicalities of state service of process requirements." *Id.* at 967. The court rejected the alternate rule known as the "proper service" rule which provides that the thirty-day period commences only when proper service has been made on the defendant. *See id.* The court held that: (1) "the removal period is commenced when the defendant has in fact received a copy of the initial pleading that sets forth the removable claim"; and (2) "[t]he removability of the action must be readily ascertainable from the face of the pleading." *Id.* at 968. The parties do not dispute that the "receipt rule" governs the commencement of the thirty-day removal period in the Sixth Circuit.

Defendants raise several arguments in support of their contention that removal was timely despite their receipt of the "courtesy copy" of the complaint no later than July 30, 1998.

■ Protective offers three reasons why its notice of removal was timely. First, Protective argues that the City is estopped from arguing that the notice of removal was untimely on the basis of the City's representation in its July 21, 1998, letter that it would refrain from serving the complaint for a period of thirty days to allow Defendants to confer and formulate a joint settlement offer. In support of this argument Protective cites *Staples v. Joseph Morton Co.*, 444 F.Supp. 1312 (E.D.N.Y.1978) (mem.op.). *Staples* does not support an estoppel argument in this case. In *Staples*, the plaintiff's attorney agreed to discontinue the case against a federal defendant in response to the assistant United States Attorney's concern about the expiration of the thirty-day time limit for removal. *See* 444 F.Supp. at 1313. After the thirty-day period expired, the United States attorney learned that the plaintiff had decided not to discontinue suit against the federal defendant. The plaintiff's attorney expressed his willingness to join in a petition

for removal, but changed his position after the case was removed because he was not aware that federal defenses would be asserted to avoid liability. *See id.* at 1313–14. The court found that because the plaintiff's counsel was aware of the federal defendant's desire to remove the case to federal court and lead the federal defendant to believe that the case against him would be dismissed, the days that had elapsed between the date on which the plaintiff's counsel agreed to discontinue the suit and the day on which the United States attorney learned that the suit would not be dismissed should not be counted in the thirty-day period.[1] *See id.* at 1314.

Unlike *Staples,* Protective has not shown that the City or its counsel led Protective to act to its detriment based upon a representation by the City or its counsel that certain action would or would not be taken. Rather, the City's July 21, 1998, letter only reflects an unsolicited offer to wait thirty days before serving the complaint. The City did not agree that it would not object to untimely removal. *See Jones Chem., Inc. v. Distribution Architects Int'l, Inc.,* 786 F.Supp. 310, 315–16 (W.D.N.Y.1992) (finding *Staples* distinguishable where the parties did not enter into an agreement prior to the expiration of the thirty-day period and the plaintiff's counsel informed defendant's counsel on last day of removal period that she would not consent to removal).

Protective next argues that the "receipt rule" should not apply because the courtesy copy of the complaint did not include the exhibits.[2] Protective has cited no authority in support of this argument and the Court has found none to support it, although the Fifth Circuit rejected an analogous argument in *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839 (5th Cir.1996). In *Reece,* the defendant, Wal–Mart, argued that its receipt of a copy of an unsigned complaint from the plaintiff did not trigger the thirty-day removal period because the pleading was not proper under state law. The court rejected the argument because " § 1446(b) states that the removal period begins when the defendant receives an initial pleading, not a proper initial pleading," and under Texas law an attorney's failure to sign a pleading was not a jurisdictional defect. *See* 98 F.3d at 843. Moreover, the court observed that

> the lack of a signature could not reasonably have caused Wal–Mart to believe that the petition had not been filed, for the petition itself bore a state court file stamp, and Reece's cover letter stated that it had been filed. Because the technical state law violation did not affect the efficacy of notice, it did not permit Wal–Mart to delay.

*Id.* In this case, the City sent a signed, file-stamped copy of the complaint to Protective, without exhibits, which indicated that the complaint had actually been filed in state court. Because the absence of exhibits is even less critical than the absence of a signature, the Court finds no basis to afford Protective relief from the thirty-day period.

Protective's final argument is that the thirty-day period did not begin to run when it received the courtesy copy of the complaint from the City because it was unable to determine from the complaint whether the case was removable to federal court on the basis of diversity of citizenship. More specifically, Protective contends that because the complaint stated only that each Defendant was "a foreign corporation doing business in Calhoun County, Michigan," and did not disclose Defendants' principal places of business, it was unable to ascertain whether diversity jurisdiction existed. On this point, Protective has presented a copy of a fax sent by Deborah Molitz of Guaranty to Protective's counsel on September 16, 1998, stating that Guaranty "is a subsidiary of a Colorado corporation with its principal place of business in Englewood, Colorado." (Facsimile from Molitz to Auth of 9/16/98, attached to Def. Protective's Resp.Br.Ex. B.) The City does not dispute Defendants' assertion that they

---

1. Apart from the absence of a factual predicate for Protective's estoppel argument, it is far from clear whether a court may deviate from the time-period prescribed by 28 U.S.C. § 1446(b) based upon equitable considerations. *See Kinabrew v. Emco–Wheaton, Inc.,* 936 F.Supp. 351, 352–53 nn. 1, 2 (M.D.La.1996) (collecting cases finding time limitation absolute and cases applying equitable principles to extend time period).

2. Protective does not deny that Ogle was authorized to accept service on behalf of Protective.

did not confirm complete diversity after thirty days from the dates Defendants received the complaint.

As discussed above, the court in *Tech Hills II* held that the thirty-day period begins only if the action appears removable "from the face of the pleading." 5 F.3d at 968. For purposes of diversity jurisdiction, a corporation has dual citizenship—its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c); *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 544 (6th Cir.1994). The City's complaint stated that Defendants were foreign corporations doing business in Calhoun County. Because a corporation doing business in a state may or may not have its principal place of business in that state, a Defendant seeking to remove the case could not be expected to determine from the face of the complaint whether the other Defendants' principal places of business were outside of Michigan.

Protective has cited several cases which support its contention that removability of the case was not apparent on the face of the City's complaint. In the first case, *Craig v. Lake Asbestos of Quebec, Ltd.*, 541 F.Supp. 182 (E.D.Pa.1982) (mem.op.), the court addressed the issue of whether a praecipe and summons served on the defendants was an "initial pleading" for purposes of determining when the thirty-day removal period began to run. 541 F.Supp. at 184. The court found that a praecipe and summons is not a pleading under § 1446(b) because it does not provide a defendant with sufficient notice of the plaintiff's claims in the same manner as a complaint. *See id.* at 184–85. While *Craig* is not directly on point, the court's concern that a defendant be appraised of the facts supporting removal in order for the thirty-day period to run shows why the City's complaint was not removable on its face.

In *Handy v. Uniroyal, Inc.*, 298 F.Supp. 301 (D.Del.1969), the plaintiff moved for remand on the basis that the defendant failed to allege its own principal place of business or the corporate plaintiff's principal place of business in the petition to remove. 298 F.Supp. at 302. The court found that the complaint and the petition to remove failed to allege the principal place of business of either corporation and that the petition was jurisdictionally defective. The court observed:

> Such latter allegation is necessary to determine whether diversity of citizenship exists, inasmuch as a corporation has a dual citizenship, the state of its incorporation and the state where it has its principal place of business. This dual citizenship exists not only for determining diversity of citizenship in an action initially commenced in a District Court, but also for determining whether a case may be removed from a State Court under 28 U.S.C. § 1446 because of diversity of citizenship.

*Id.*

The case most directly on point is *Adams v. Lederle Lab.*, 569 F.Supp. 234 (W.D.Mo. 1983). In that case, two of the named defendants filed a petition for removal within thirty days after learning that the plaintiff had filed a class action products liability case in state court. *See* 569 F.Supp. at 238. None of the non-removing defendants filed their consents to removal within thirty days of being served, although some of them filed their consents within thirty days after the removal petition was filed. However, all of the defendants filed their petitions within thirty days of learning that diversity of jurisdiction existed. *See id.* at 238–39. The plaintiff moved for remand on the grounds that not all of the defendants who had been served at the time the removal petition was filed joined in within thirty days after it was filed. The court rejected the plaintiff's argument because it determined that the case was controlled by the second paragraph of § 1446(b), which at the time provided:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* at 243 (quoting § 1446(b)).

In analyzing the application of the second paragraph of § 1446(b), the court quoted extensively from *Kaneshiro v. North American*

*Co. for Life & Health,* 496 F.Supp. 452 (D.Haw.1980), in which the court held that pleadings which are indeterminate on their face with regard to a party's residence do not fall under the second paragraph of § 1446(b) unless they provide "no clue" that the case is actually removable, *see* 496 F.Supp. at 460. *Adams,* 569 F.Supp. at 243–44. The *Adams* court concluded that the plaintiff's complaint

> provided not even a "clue" as to the state of citizenship of the various defendants. The only information given as to any defendant, aside from the defendant's name, is the address designated for service of process. I would not ordinarily take the latter information as pertinent at all in this connection, since an appropriate place for service of process—at least for a corporation—will often have nothing at all to do with where its state of incorporation may be or where it maintains its principal place of business. To the contrary in fact, if the petition's mere designation of a place for service of process were interpreted as providing some "clue" to the citizenship of the defendants in this case, that "clue" would incorrectly have suggested that at least one was a viable Missouri domiciliary. It is true, of course, that a defendant can be expected to know its own place of citizenship, but that obviously does not mean that each defendant automatically knows the citizenship of each other defendant.

*Id.* at 244–45 (citation omitted).

In this case, the City's allegations that Defendants were foreign corporations doing business in Calhoun County left Defendants only to investigate or to speculate regarding each other's principal place of business. There was nothing in the body of the complaint to put Defendants on notice that complete diversity existed between the City and all Defendants. Thus, the removability of the case was not apparent from the face of the complaint. This conclusion is consistent with the Fourth Circuit's recent decision in *Lovern v. General Motors Corp.,* 121 F.3d 160 (4th Cir.1997), where the court refused to hold that the thirty-day period begins to run where the initial pleading does not reveal a basis for diversity jurisdiction on its face. *See* 121 F.3d at 162. In *Lovern,* General

Motors removed the plaintiff's product liability suit more than thirty days after service of the complaint but within thirty days after receipt of a police report and interrogatory answers from the plaintiff showing that the plaintiff was a citizen of Virginia. *See id.* at 161. The initial pleading did not allege the plaintiff's citizenship. The plaintiff argued that removal was untimely because General Motors was bound by the actual status of the parties' citizenship at the time the initial pleading was served even though the complaint did not reveal a basis for federal jurisdiction on its face. The court rejected the argument and held that

> only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscure or omitted, or indeed misstated, that circumstance makes the case "stated by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal....

*Id.* at 162. In addition to finding support for its interpretation in the express language of § 1446(b), the court found that its interpretation is also consistent with Fed.R.Civ.P. 11, which requires a party and its attorney to make a reasonable inquiry prior to filing a pleading or other paper. The court stated:

> If a defendant were required to file a notice of removal within 30 days after the service of the initial pleading, even where that pleading did not reveal a ground for removal, he would often be faced with an intractable dilemma of either risking Rule 11 sanctions for noticing removal without making an adequate inquiry or forgoing removal altogether. The statute did not intend to put a defendant to this choice.

*Id.* at 163.

In this case, the complaint did not inform Defendants that diversity existed because the City did not allege each Defendant's principal place of business. While a defendant is expected to know its own principal place of business, the same is not true for other defendants' principal places of business. *See Adams,* 569 F.Supp. at 245. Moreover, al-

548

though it might be that Defendants in this case knew each others' principal places of business without reference to the complaint, the timeliness of removal during the thirty-day period hinges only upon the information disclosed in the complaint. *See* 28 U.S.C. § 1446(b); *Tech Hills II,* 5 F.3d at 968. A contrary rule would unnecessarily require an inquiry into each removing defendant's knowledge at the time the complaint was received and the sufficiency of any investigation conducted during the thirty-day period.

Protective removed the case and the non-removing Defendants filed their consents within thirty days after Protective first learned that complete diversity existed. Therefore, removal was timely. Having concluded that the complaint did not disclose a basis for federal jurisdiction, the Court finds no need to address the arguments raised by National Union and Imperial.

### Conclusion

For the foregoing reasons, the Court will deny the City's Motion to Remand Case to Calhoun County Circuit Court.

An Order consistent with this Opinion will be entered.